Surrogate's Court, New York County, November, 1920.    [Vol. 113.

men to fire into the backs of a fleeing crowd of citizens, whatever their previous offensive demeanor or provocation might have been. Uncontroverted evidence in this case establishes the blamelessness and innocence of the claimant's presence at the scene. We would have no hesitation in dismissing this claim, however, if it appeared that the shooting was done by the guardsmen in self defense, or when they were seriously resisted, menaced or threatened. We desire not to be misunderstood; we do not question the right and the duty of the state's soldiers to shoot, when that shooting is done under circumstances which justify it, as reasonably careful or prudent, but the facts disclosed in this case did not justify it as either careful or prudent.

The claimant is justly and equitably entitled to an award in the sum of $2,500.

ACKERSON, P. J., concurs.

Award accordingly.

----

Matter of the Estate of ALEXANDER CAMERON, Deceased.

(Surrogate's Court, New York County, November, 1920.)

Wills — construction of — an unincorporated association cannot take legacy.

The New York State branch of the Shut-In Society, being an unincorporated association, cannot take a legacy, and in order to sustain the testator's purpose, the legacy must be paid to the principal corporation.

PROCEEDING upon the judicial settlement of the accounts of an executor.

William K. Gilchrist, for petitioner.

Stetson, Jennings & Russell, for Shut-In Society.

Dulon & Roe, for the New York State Branch of the Shut-In Society.

FOLEY, S. Upon this accounting a dispute has arisen as to the payment of a legacy under the 6th paragraph of the will, which reads as follows: " *Sixth.* As a memorial to my deceased daughter, Jessie M. Cameron, I give and bequeath to the New York State Branch of the Shut-In Society, incorporated under the laws of the State of New York, the sum of one thousand dollars absolutely."

The legacy is claimed, *first,* by the New York State Branch of the Shut-In Society; *second,* by The Shut-In Society; *third,* by the residuary legatee as an invalid bequest. The New York State Branch of the Shut-In Society is an unincorporated association and cannot take the legacy. *Mount* v. *Tuttle,* 183 N. Y. 358, 367; *Murray* v. *Miller,* 178 id. 316; *Kernochan* v. *Farmers Loan & Trust Co.,* 187 App. Div. 668; affd., 227 N. Y. 658. I am of the opinion, therefore, that the legacy should be paid to the principal corporation — The Shut-In Society. Many authorities exist for this disposition. They follow the principle that in order to sustain testator's purpose the legacy goes to the corporation where a branch or department or subsidiary of it is named as legatee. In *Matter of Isbell,* 1 App. Div. 158, the gift was to the " Japan Mission under the direction of the Baptist Board of Foreign Missions;" each of these bodies was a department or field of activity for missionary work under the American Baptist Missionary Union, a corporation. The Appellate Division held that the gift should be paid to the latter. In *Matter of Wehrhane,* 40 Hun,

27

542, there was a bequest to the "Newsboys' Lodging House, City of New York," which was an unincorporated department of the Children's Aid Society. It was there held that the parent corporation was entitled to the legacy. In the latest authority of the Appellate Division, first department, (*Kernochan* v. *Farmers Loan & Trust Co.*, 187 App. Div. 668; affd., 227 N. Y. 658), testator gave $10,000 to the Charles Knox Memorial (Methodist) Church in Manila, P. I. The legatee was not a corporation, and there was no church known technically by that name. There was, however, a church known as the Knox Memorial Church in Manila, maintained by the Board of Foreign Missions of the Methodist Episcopal Church, a corporation. It was held that the legacy should be paid to the Board of Foreign Missions.

The language of clause 6 and the extrinsic proof submitted upon this accounting show that the testator intended to contribute the amount named as a memorial to his deceased daughter. It appears that she had been a member of the New York State Branch of the society. The language of the will suggests a moral rather than a legal duty to spend the funds received under the will for the benefit of the New York State Branch, and in compliance with the wishes of testator the Shut-In Society is willing to receive the legacy with that understanding. Jessup-Redfield, 1158; *Matter of Isbell, supra; Preston* v. *Howk*, 3 App. Div. 43; *Warburton Avenue Baptist Church* v. *Clark*, 158 id. 230.

Decreed accordingly.