In the Matter of the Estate of SAMUEL F. HOWLAND, Deceased.

Surrogate's Court, New York County, January, 1923.

**Wills — identification of beneficiaries — bequest for educational purposes.**

Where the proof is sufficient to establish that a legacy to the " Christian and Missionary Alliance Institute " of West Nyack was intended for the " Christian and Missionary Alliance " of South Nyack, it will be so decreed.

A legacy to the " Wilson Memorial School " will be decreed to be paid to the " Wilson Memorial Academy," the proper designation of the legatee.

By chapter 192 of the Laws of 1885 of Massachusetts, the Conway Academy, an incorporated institution in which testator was a student in early life, became a part of the local school system of the town of Conway, Mass., and has since been conducted as a high school and maintained by said town as a branch of its government under its corporate name of " Inhabitants of Conway." *Held*, that extrinsic evidence clearly indicating testator's intention to provide for the school where he had been instructed, a money legacy to " Conway Massachusetts High School " was for an educational purpose and the decree will provide for the payment of the legacy to the municipal corporation known as " Inhabitants of the Town of Conway."

PROCEEDING by administrator c. t. a. to account and for construction of a will.

*Appleton, Butler & Rice,* for administrator c. t. a.

*Henry E. Tobey,* for Inhabitants of the Town of Conway.

*Barker, Donahue, Anderson & Wylie,* for the Christian and Missionary Alliance.

FOLEY, S.   On this accounting the administrator c. t. a. requests a construction of the will and the instruction of the court in four particulars.   The will of testator is dated June 14, 1912.   It gave a life estate to Mary J. Perkins.   Upon the death of the life tenant the testator directed the conversion of his estate into cash, and the payment to legatees named in various amounts.

1. The first question has to do with the legacy given to the Christian and Missionary Alliance Institute of West Nyack.   This is clearly a case of misnomer.   The proofs are sufficient to establish that the testator intended this legacy to be paid to the " Christian and Missionary Alliance " of South Nyack, and the decree should provide accordingly.

2. The second question concerns the legacy to the Wilson Memorial School.   Similarly this legacy should be paid to the " Wilson Memorial Academy " which is the proper designation of the legatee.

3. The will of testator bequeaths " To Conway Massachusetts High School the sum of Ten Thousand Dollars ($10,000)."   The Conway, Massachusetts, High School is not an incorporated institution.   The high school is conducted and maintained by the town of Conway as a branch of its government under its corporate name of the " Inhabitants of Conway."   The testator was a resident of the town of Conway in his early life and attended Conway Academy.   He always maintained his interest in the town and visited there annually.   The academy, at the time Mr. Howland attended as a student, was an incorporated institution.   By chapter 192 of the Laws of 1885 of Massachusetts the academy

15

Surrogate's Court, New York County, January, 1923.    [Vol. 120

was authorized to transfer all its property to the town of Conway, which had been previously incorporated. This was done on June 6, 1885, and the academy thereupon became a part of the local school system of the town, and has since been conducted as a high school in the same building. The extrinsic evidence is comprehensive and clearly indicates the intention of the testator to provide for the school where he had been instructed. Hence it is for an *educational* purpose. *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462. The legacy can also be sustained, either as a misnomer or as a gift to a branch or department of the town of Conway. *Kernochan* v. *Farmers' Loan & Trust Co.*, 187 App. Div. 668; affd., 227 N. Y. 658; *Matter of Isbell*, 1 App. Div. 158; *Matter of Cameron*, 113 Misc. Rep. 416. This construction imposes a moral duty upon the town of Conway to spend the fund received under this will for the benefit of the high school. The decree should provide for the payment of this legacy to the municipal corporation known as " Inhabitants of the Town of Conway."

4. It appears from the accounts filed that the estate is insufficient to pay in full the legacies given under the will. Under these circumstances interest should not be added to the legacies before determining the *pro rata* amount due each legatee. They are all in the same class, and having abated, the proportionate amount to be paid on each legacy should be estimated on the amount set forth in the will.

Decreed accordingly.