In the Matter of the Estate of CATHERINE ROGERS, Deceased.

Surrogate's Court, Richmond County, June 1, 1932.

*Hermann Lindheimer,* for the executor.

*Ralph Cerreta,* for Arthur Rufus Rogers.

*Edward M. Seguine,* for Henrietta R. Wood.

*Davis, Polk, Wardwell, Gardiner & Reed,* for St. John's Guild.

*Cadwalader, Wickersham & Taft,* for the Salvation Army.

*Ernest T. Lindemann,* for Staten Island Diet Kitchen.

*Van Vorst, Siegel & Smith,* for Staten Island Social Service, Inc.

*Edward T. Kelly,* for the Visiting Nurse Association.

SMITH, S. One Catherine Rogers, by her will, after bequeathing certain general legacies and directing the payment of certain expenses from her estate, gave the remainder to five charitable corporate organizations, and directed that in case the amount of such residuary estate should exceed in value one-half of her total net estate then in that case the aggregate amount payable to said five corporations should be reduced in equal value to one-half of her net estate, and that the excess of said residuary estate, over the value of one-half of the net estate, should be paid to Henrietta R. Wood, a daughter.

Extrinsic evidence showed that the value of the gross estate of the testatrix, at the time of her death, less the general legacies, and the amount directed by the will to be paid for debts, funeral expenses, executor's commissions and expenses of administration, left a net estate which was less than one-half of the amount of the gross estate. Consequently Henrietta R. Wood would receive no part of the estate of the testatrix beyond the general legacy of $10,000 directed to be paid to her, and would receive no part of the rents or the income derived from said estate, for the reason that she was not entitled to any part of the principal.

One-fifth of the residuary estate was given to the Stapleton branch of the Salvation Army of Staten Island. Said branch is not incorporated but is a part of the Salvation Army incorporated under the laws of the State of New York, and its affairs are controlled and managed by such corporation, and as such branch has no capacity to take by devise or bequest, I find that the bequest became the property of the Salvation Army of the State of New

York, the body conducting said Stapleton branch, and on the theory that the testatrix intended the legacy to pass to the Salvation Army for its use. (*Matter of Wehrhane*, 40 Hun, 542.)

I surcharge the executor with the sum of $61.60, amount of interest paid on transfer tax by the executor who permitted the tax to remain unpaid until interest had accrued to the extent named upon the amount thereof, although he had ample funds in his possession with which to pay the transfer tax before the time when the tax would be charged with interest.

I also surcharge said executor with the sum of $139.76, amount of costs paid by the executor to his attorney in addition to the charge of $250 said to have been agreed upon to be paid for services in a foreclosure proceeding brought by the executor. The services rendered were of no value to the estate for the reason that the estate received no return from the mortgage foreclosed. I am of the opinion that had the contestants properly considered this matter evidence could have been produced showing that the mortgage should not have been foreclosed and the estate put to the expense of $250 for services which were without value.

All of the other objections, heretofore filed by the attorneys for the parties appearing, are dismissed.

Prepare decree in accord with this decision leaving space for insertion of allowances to the attorneys for the five residuary legatees and for the attorney for Henrietta R. Wood and the attorney for Arthur Rufus Rogers.