In the Matter of the Estate of JOHN KENNEDY, Deceased.

Surrogate's Court, Bronx County, April 6, 1934.

*Robert H. Law, Jr.*, for the executor.

*Walter R. Coe*, for the Orange Hall Building Association of New York.

*Dominic L. O'Reilly*, special guardian.

HENDERSON, S. The questions of construction arising in this proceeding to settle the executor's account are determined as follows:

Paragraph " eighth " of the will reads as follows: " I give and bequeath to my son, Rev. Charles E. Kennedy, the sum of One thousand ($1,000.00) Dollars, with the direction that he use the same for the education of his four (4) children, Elsie Ann, Catherine, Charles E., and John P."

No trust is created and there is an express direction that this legacy is for the benefit of the four children. I find that each of them has a vested right to $250. (*Matter of DeRycke*, 99 App. Div. 596; *Steinert* v. *Steinert*, 161 id. 841; Real Prop. Law, § 93; Pers. Prop. Law, § 11; *Matter of Leahy*, 119 Misc. 556.)

Paragraph " tenth " reads as follows: " I give and bequeath the sum of Five hundred ($500.00) Dollars to the Orange Hall Building Association of New York and direct that the said Five hundred ($500.00) Dollars be paid by my executor when the corner stone of the new hall is laid, and not before that time."

The Orange Hall Building Association has not begun the erection of a hall, and it is not within its present plan to erect any building. This legacy is not for any charitable use. The language used by the testator clearly discloses his intention to limit the bequest upon a condition precedent, the performance of which is unrestricted as to time. The testamentary direction obviously permits the suspension of the power of alienation and of absolute ownership beyond the statutory period. (Real Prop. Law, § 42; Pers. Prop. Law, § 11.) The attempted gift is invalid (*Booth* v. *Baptist Church*, 126 N. Y. 215, 243), and passes under the residuary clause.

Settle decree.