In the Matter of the Estate of JAMES J. MILLS, Deceased.

Surrogate's Court, Orange County, September 4, 1935.

*Samuel M. & Charles Van I. Cuddeback,* for the trustee.

*Watts, Oakes & Bright* [*Charles C. Redfield* of counsel], for the Otisville-Mount Hope Presbyterian Church.

*William P. Gregg,* for the remainderman, Mary E. Truesdell.

TAYLOR, S. By the fourth paragraph of his will the testator set up a trust, the income from which he directed to be paid to the trustees of the Mount Hope Presbyterian Church, situate at Mount Hope, town of Mount Hope, Orange county, N. Y., and in the same paragraph provided that "the income for the said Church shall be used to purchase coal."

This trust was operative for a number of years for the exact purpose expressed by the testator, but by proceedings in the Supreme Court in June, 1932, the Mount Hope Presbyterian Church (the correct corporate name of which was First Presbyterian Church in Mount Hope) was consolidated with the First Presbyterian Church of Otisville under the name of "The Otisville-Mount Hope Presbyterian Church." The testamentary trustee has declined to pay the income to the consolidated corporation and makes application for the construction of the pertinent paragraph of decedent's will.

The consolidation of the two churches was pursuant to section 13 of the Religious Corporations Law, which provides, among other things, that when the order of consolidation is made and entered "the persons constituting such corporations shall become an incorporated church by, and said petitioning churches shall become consolidated under, the name designated in the order  *  *  *  and all the estate, rights, powers and property of whatsoever nature belonging to either corporation shall without further act or deed be vested in and transferred to the new corporation as effectually as they were vested in or belonged to the former corporations." This statute would completely and unequivocably dispose of the question if the gift were outright and not in trust and a limited purpose not specified for the income. It is contended that the provision in the will that "if for any reason the said payments cannot be made the moneys from which the income is to be derived shall be paid by my said trustee to Mary E. Truesdell," requires a determination, now that the Mount Hope Church as a separate distinct entity no longer exists and coal may not be purchased to heat the church building, for that has been disposed of, that this bequest to the church was upon a condition subsequent and this trust has now for the reason stated come to an end.

While it may not be necessary to determine the question it is nevertheless doubtful if the provision that the income from the trust corpus shall be used to purchase coal imposes any absolute condition. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Bird* v. *Merklee*, 144 id. 544; *Matter of Durand*, 194 id. 477; *Sherman* v. *Richmond Hose Co.*, 230 id. 462, 470; *Mormon Church* v. *United States*, 136 U. S. 1; *Matter of Hart*, 205 App. Div. 703; *Matter of Kennedy*, 151 Misc. 193.)

This appears to be a typical case to be disposed of under the. *cy pres* doctrine, in the application of which Surrogates' Courts now have concurrent jurisdiction with the Supreme Court. (Pers. Prop. Law, § 12.)

The dominant purpose of the testator was to provide an income for the benefit of the members of and attendants at the Mount Hope church, and since that church has now become consolidated with the Otisville church the members of the former are now members of the consolidated church; the Mount Hope church has not completely passed out of existence or lost its identity, but may be said to be a copartner with the Otisville church in the new corporation; the church building of the new corporation must be heated and the corporation will require funds for the carrying on of the same purposes which the Mount Hope church served, and the same result here should be reached as in *Graff* v. *Harrington* (137 Misc. 712), where the trust was to a named church for the purpose of paying the pastor and the fund was directed to be paid to the denominational governing body to be used for the payment of clergymen's salaries where the named church ceased to function; *Matter of MacDowell* (217 N. Y. 454), where the trust was to provide homes for " refined, educated, Protestant, gentlewomen, whose means are small, and whose home is made unhappy, by having to live with relatives, who think them in the way," and the fund was devoted to other charities as near as possible to those specifically named, because of the insufficiency of the trust set up, standing alone, to carry out its creator's purpose; *Matter of Swan* (237 App. Div. 454; affd., 263 N. Y. 638), where the requirement was that the testator's homestead should be used as a home for aged women, it appearing that conditions had so changed and the homestead had become in such state of disrepair, it was impracticable to use it for the specified purposes; *Matter of Rogers* (143 Misc. 834), wherein a bequest to a local unincorporated branch of the Salvation Army was directed to be paid to the parent incorporated organization; *Graff* v. *Raymer* (136 Misc. 297), wherein the trust created for the general benefit of a Baptist church in Lyons, N. Y., was directed to be turned over to the Baptist Missionary Convention where the church had ceased to function and become extinct, particularly in view of the fact that the convention had title to the real estate; *Matter of Walter* (150 Misc. 512), wherein one of the seven charitable institutions, beneficiaries under the residuary clause, ceased to function prior to the death of the testatrix, and the bequest was held to pass to the other similar institutions; *Sherman* v. *Richmond Hose Co.* (230 N. Y. 462), wherein a bequest to a hose company, afterward dis-

·solved upon the city establishing a paid fire department, was directed to be paid to the city to be held in trust for fire protection purposes.

*Matter of Mills* (121 Misc. 147), *Williams* v. *Williams* (8 N. Y. 525) and *Trustees of Sailors' Snug Harbor* v. *Carmody* (211 id. 286) may be read with interest.

Applying the *cy pres* doctrine and carrying out the very evident purpose of the testator, the trustee will be directed to pay the income from this fund to the consolidated church.

Settle decree on five days' notice or by consent.