LUTHERAN HOSPITAL OF MANHATTAN, Plaintiff, *v.* NATHANIEL L. GOLDSTEIN, Attorney-General of the State of New York, Defendant.

Supreme Court, Special Term, New York County, January 27, 1944.

*Winfred C. Allen* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for defendant.

EDER, J. Action for a declaratory judgment. The plaintiff is a nonprofit membership corporation incorporated pursuant to the Membership Corporation Law of this State; the particular object for which it was formed was to erect, establish and maintain a hospital in the borough of Manhattan and it has continuously maintained and still maintains a hospital for the care of the sick; it treats and cares for inmates in three classes, private, semiprivate and free patients.

Plaintiff is a worthy institution; for the past two years it has been operating at a deficit and at the present time it is in dire need of financial aid and it appears that unless this shall be soon forthcoming the existing emergency which now confronts it will become so increasingly acute as to compel it to cease functioning as a hospital. The plaintiff seeks by this action to obtain relief.

Mary M. Wenner died leaving a last will and testament which was duly admitted to probate in 1931; in and by the fourth article thereof the testatrix left a portion of her residuary estate to the plaintiff in the following language:

" All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to The Fifth Avenue Bank of New York, in trust, however, to hold, manage, invest and reinvest the same and to pay the net income arising therefrom in quarterly payments to my husband, Rev. Dr. George U. Wenner, for and during his lifetime. Upon the death of my said husband I direct my trustee to pay over the principal of the trust fund as follows:

" Two Thousand ($2000) Dollars to Eleanor Wilson, nurse, now at the U. S. Veteran Hospital, Palo Alto, California.

" Two Thousand ($2000) Dollars to Ellen H. Coffin, of Mountain Lakes, New Jersey;

" One Thousand ($1000) Dollars to Grace M. Coffin, of Mountain Lakes, New Jersey;

" One Thousand ($1000) Dollars to Adra M. Newell, of Huntington, Long Island and

" One Thousand ($1000) Dollars to Edythe N. Marshall, at present living at No. 15 West 55th Street, Borough of Manhattan, New York City.

" The remainder thereof, including any of the foregoing which may fail to take effect, I give, devise and bequeath to The Lutheran Hospital of Manhattan, the income only to be used by the said hospital for free beds for the poor in memory of my husband, Rev. Dr. George U. Wenner."

The life tenant under said will, George U. Wenner, died in 1935, and plaintiff received, pursuant to said will, stock, mortgage certificates and cash; the appraised value of said funds as of September 30, 1943, was $16,955.53; the income from said funds in 1942 amounted to $359.20 and the estimated income for 1943 from said funds is $300.

It is conceded that it is to the public interest that the operation of the plaintiff hospital be not suspended or materially reduced in scope.

The evidence satisfies this court that as a result of increase in operating expenses and reduction in income plaintiff is found with an emergency; all income, including that received from said Wenner fund, is not sufficient to maintain and•operate the hospital which was the object of the testatrix' bounty, as mentioned. The evidence further shows that unless the principal of said Wenner fund can be made available to meet the continuing deficits the hospital may be compelled to close its doors; it is plaintiff's contention that in that event the purpose of the donor will be defeated.

The plaintiff prays a decree that under the existing circumstances it be held to possess power and authority to use the principal of the said Wenner fund, or so much thereof as may be necessary therefor to keep its hospital in operation, and that if it be found that such power and authority exists or may be conferred upon the plaintiff by order or judgment of the court, pursuant to section 12 of the Personal Property Law, or pursuant to the general equity power of this court, that this court, by its order or judgment, permit the plaintiff to administer and expend the said Wenner fund in such manner as in the judgment of the court will most effectually accomplish the general purpose of the testatrix without regard to and free from the specific restriction, limitation or direction contained in said bequest that the principal be kept invested and maintained as a permanent investment during the continuing operation of said hospital, and that by the judgment to be made herein plaintiff be instructed that it may lawfully employ all or part of the principal of said fund to accomplish the general purpose of the donor, to wit, the continued operation of the hospital.

The defendant opposes, contending that the testamentary provisions allow to the plaintiff the use of the income *only* for free beds in memory of the husband of the decedent and do not allow the use of the principal of the said fund and asks that any judgment made herein should not permit, authorize or direct the use or employment of the said charitable fund otherwise than in accordance with the restrictions and provisions contained in said article fourth of the will; the prayer is that the judgment rendered herein conform to and carry out the aforementioned provisions of the will of the testator and protect and enforce the rights and interests of the unknown beneficiaries of the said charitable fund.

Much as I should like to aid the plaintiff as a worthy and deserving institution, I feel constrained, by virtue of what I regard as well-established and settled law on the subject, to deny the relief sought.

Section 12 of the Personal Property Law is entitled " *Gifts and bequests of personal property for charitable purposes* ", and it is subdivision 2 thereof which is relevant here, and the pertinent portion thereof reads as follows: " The supreme court shall have control over gifts, grants and bequests in all cases provided for by subdivision one of this section, and, whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift, grant or bequest to religious, educational, charitable or benevo-

lent uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may, upon the application of the trustee or of the person or corporation having the custody of the property, and upon such notice as the court shall direct, make an order directing that such gift, grant or bequest shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument, without regard to and free from any specific restriction, limitation or direction contained therein; provided, however, that no such order shall be made without the consent of the donor or grantor of the property, if he be living.''

This provision now embodies in statutory form the cy pres doctrine and confers cy pres powers upon the court. (*Matter of MacDowell*, 217 N. Y. 454; *Prudential Ins. Co.* v. *N. Y. Guild for Jewish Blind*, 252 App. Div. 493; *Matter of Meyers*, 166 Misc. 712.)

It is well-established law that cy pres is a doctrine of approximation; that it is basically a rule of judicial construction; that its design and purpose are to aid the court to ascertain and carry out, as nearly as may be, the intention of the donor.

'' The cy pres doctrine can properly be applied only where it is or has become impossible beneficially to apply the property left by the founder or donor in the exact way in which he has dictated it to be applied, and it can only be applied beneficially to similar purposes by different means. There can be no question of cy pres until it is clearly established that the directions of the testator cannot be carried into effect '' (10 Am. Jur., Charities, § 124).

The court, in the application of the cy pres doctrine, is to give effect to the testator's general intent. As is to be noted, under the said last will and testament of Mary M. Wenner, the residue of her estate was placed in a trust, the income therefrom to be paid to her said husband during his lifetime; therein it was further provided that upon his demise five certain bequests were to be paid and then this residue was to be disposed of as follows: '' The remainder thereof, including any of the foregoing which may fail to take effect, I give, devise and bequeath to the Lutheran Hospital of Manhattan, the *income only* to be used by the said hospital *for free beds for the poor in memory* of my husband, Rev. Dr. George U. Wenner.'' (Emphasis supplied.)

The testatrix has indicated in language entirely clear and wholly unambiguous that the '' income only '' is to be applied **for free beds for the poor in memory of her husband.**

The cy pres doctrine has not met unanimous approval for some courts have rejected the doctrine entirely as a cloak for loose reasoning, and, it has been said, as a means of interpretation which finds a meaning where none exists. (10 Am. Jur., Charities, § 125); but the weight of authority carries its approval.

If I were convinced that unless the principal of the fund were applied as plaintiff desires, the intent of the testatrix would be impossible of fulfillment another situation might present itself for consideration, but I am not persuaded that such is the case; rather, as it was the clear intent of the testatrix to provide free beds for the poor in a Lutheran hospital in memory of her husband, and since that may be accomplished as well by directing the application of the property to another institution, financially sound, which will carry out the purpose and intent of the donor, it is my opinion that a deviation from the terms of the trust cannot be authorized; if the court permitted or sanctioned such a deviation as is sought by the plaintiff and the principal was used up in maintaining the hospital and it nevertheless ceased to later function and closed its doors, the ultimate result would be the complete frustration and destruction of the donor's intent.

The testatrix was not desirous, nor was it her intent, that the principal should be used for the continued operation of the hospital; she evidently felt that it had the necessary means to carry on as a hospital and would so continue. If she thought otherwise, it seems evident that she would have made some provision for use of the principal to that end; her intent and desire were to perpetuate the memory of her husband in the form expressed and she plainly sought to inhibit the employment of the principal for any purpose other than to produce an income which was to be used and applied for free hospital beds in memory of her husband and made that intent unequivocal by the phrase " income only ".

While the court may and at times will permit the trustee of a charitable trust to depart from a term of the trust owing to impossibility of compliance or because of circumstances unknown to the settlor and unanticipated by him, where to compel literal compliance would defeat or substantially prevent the attainment of the object of the trust, it ought not to authorize such a deviation if the general intent of the donor will be destroyed. In the situation here presented, if it be the ultimate fact that the plaintiff shall cease to function, then I think that the rule to be applied is that set forth in the Restatement of the Law of

Trusts (§ 399, comment k, p. 1217) as follows: "*Where institution merges or ceases to exist.* If property is given in trust to be applied for the support of a particular charitable institution, and the institution subsequently merges with another institution established for similar purposes, the court will permit the application of the property for the new institution, unless the settlor manifested an intention to restrict his gift to the institution which he named. So also, where the institution ceases to exist, the court will permit an application of the property cy pres, unless the settlor manifested an intention to restrict his gift to the institution which he named." (See, also, *Matter of Mills*, 156 Misc. 473.)

No such restriction is manifested here. It is thus seen that it is not wholly and entirely impossible or impracticable to carry out the donor's intent and therefore I am unable to find legal or equitable warrant to disregard, override or otherwise alter the intent of the testatrix as plainly expressed in article fourth of her said last will and testatment; and, in such circumstances, I do not feel that the court would be justified, even in the exercise of discretion, in effecting a substitution, such as the plaintiff invokes.

Accordingly, judgment is rendered for defendant, dismissing the complaint. Exception to plaintiff. Submit findings and judgment on notice.