In the Matter of the Accounting of PAUL HATILIP, as Executor of JAMES CORNWALL, Deceased.

Surrogate's Court, New York County, August 9, 1955.

*Herman J. Wittstein* for executor, petitioner.

*A. C. Stuart Williams* for Eva Williams and another, respondents.

*Tanner, Friend, Kinnan & Post* for Saint Germain Foundation and another, respondents.

*Robert J. McGinn* for National Surety Corporation, respondent.

*Jacob K. Javits, Attorney-General (Kenneth D. Shearer* of counsel), in his statutory capacity under section 12 of Real Property Law and section 113 of Personal Property Law, respondent.

FRANKENTHALER, S. This is a proceeding for the settlement of the account of the executor and for construction of the will. The deceased directed the division of his residuary estate into three parts:

" 1. One third to my sister Eva Williams, her last known address to me being Manchester, British West Indies.

" 2. One third to my sister Edith Cornwall, her last known address to me being Kingston, British West Indies.

" 3. The balance of said residue estate to the organization known as ' I AM ACTIVITY ', of which I am a member. In connection with this bequest I direct that this bequest be paid to Clara Rawlins and Paul Hatilip, both residing in the City of New York, and both members of ' I AM ACTIVITY ', to be held and administered by them as trustees for and in behalf of the said ' I AM ACTIVITY ', and its members thereof. I empower the said trustees with full and complete powers in the management of said bequest, and to use their discretion and judgment for the best interests of the said organization and its members. It is directed that this bequest is for the use and benefit of the colored group only of this organization."

Agnes Cornwall, a sister of the deceased and a resident of Kingston, British West Indies, has filed objections to the account asserting that it was she and not her deceased sister Edith who was intended by the testator to receive the bequest provided for in the second paragraph of the quoted text. It was established upon the hearing that the deceased had had a sister Edith who had died a resident of Costa Rica more than twenty years prior to the execution of the will. The attorney who drafted the will stated that it was prepared under the instructions of the testator about six days prior to his death. Other witnesses, who testified without objection, asserted that the deceased had been in communication with the objectant for many years and they stated that he had frequently spoken of her and had expressed his intention to make a will benefiting his two living sisters, to whom he had sent money for their support.

The circumstances under which the will was drafted as described by the draftsman make it clear that the testator had the objectant in mind as the recipient of his bounty. The fact that the name of the predeceased sister was used can be ascribed only to inadvertence or confusion. The record clearly establishes that the testator intended the objectant to share with his only other living sister the legacy provided for in the will. (See *Matter of Korzeniewska*, 163 Misc. 323; *Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Dering*, 140 Misc. 357, affd, 235 App. Div. 656 and *Matter of Howland*, 120 Misc. 224.)

The " I AM ACTIVITY " to which testator left one third of his residuary estate is an unincorporated association not quali-

fied to receive directly the bequest herein. (*Mount* v. *Tuttle*, 183 N. Y. 358; *Matter of Patterson*, 139 Misc. 872; *Matter of Cameron*, 113 Misc. 416, mod. on other grounds, 198 App. Div. 1015; *White* v. *Howard*, 46 N. Y. 144, 160; cf. Decedent Estate Law, §47-e, subd. 1.) It is affiliated with the St. Germain Foundation, a membership corporation organized under the laws of the State of Illinois. On the record before the court and the stipulation and consents of the parties, the court is satisfied that the bequest to the " I AM ACTIVITY " may be discharged by its payment to the parent organization, the St. Germain Foundation, which has formally signified its intention to use the bequest for the benefit of the " I AM ACTIVITY " group with offices at 231 Lenox Ave., New York, N. Y., with which the deceased had been associated in his lifetime. The court approves this disposition of the legacy in accordance with the principle enunciated in *Kernochan* v. *Farmers' Loan & Trust Co.* (187 App. Div. 668, affd. 227 N. Y. 658; see, also, *Prudential Ins. Co.* v. *New York Guild for Jewish Blind*, 252 App. Div. 493; *Matter of Martin*, 96 N. Y. S. 2d 842; *Matter of Isbell*, 1 App. Div. 158 and *Matter of Farrell*, 175 Misc. 430).

Submit decree on notice construing the will in accordance with the foregoing and sustaining the objections of Agnes Cornwall.