Edgar F. Hazleton, S.
The executrix has petitioned this court for a decree determining the validity of certain bequests mentioned in the will of the decedent.
Bequests are made to two churches, the locations of which are set out, though the names are not mentioned precisely as in the corporate title. The first such bequest is made to “ the TRUSTEES OP THE FIRST PRESBYTERIAN CHURCH, BrOWnell Street, Stapleton, Staten Island, New York.” That church operates as a religious corporation under the name of the first Presbyterian church of staten island. The second bequest similarly is to 1‘ the TRUSTEES OF THE CONGREGATION OF THE PRESBYTERIAN CHURCH, commonly known as the Old First Church, of Huntington, New York.” That body is also a religious corporation, the correct name of which is corporation of the Presbyterian congregation in huntington, new york. A third bequest is made to the ‘ ‘ new york times 100 neediest cases fund ’ ’, the true and correct name of which is new york times neediest cases fund, a membership corporation; and a fourth bequest is made to the ‘1 relief fund of tompkins lodge no. 471 f. & a. m., Stapleton, Staten Island, New York ”, which is an unincorporated body, but which operates under a charter granted by the grand lodge f. & a. m. of the state of new york, which is an incorporated body.
There seems to be no question but that the decedent had in mind, at the time of the preparation of the will, that the gifts to the two Presbyterian churches should go to them, whatever their correct names might be. Similarly, the court may take judicial notice of the fact that there is only one New York Times and that it was the intention of the decedent to make this bequest to the “ neediest fund ” operated by that newspaper.
It appears to be the rule that the court will try to construe a will in such a manner that the gifts mentioned therein will be held valid. So it is well settled that a misnomer of a legatee, whether an individual or a corporation, will not invalidate the gift or devise if the true object of the testator’s bounty can be ascertained either by the will itself or by extrinsic evidence, or where the person can be identified by a description in the will. And where a gift has been made to the trustees of a corporation, the gift goes to the corporation. (St. Luke’s Home v. Association for Relief of Respectable Aged Indigent Females, 52 N. Y. 191; New York Inst. for Blind v. How’s Executors, 10 N. Y. 84.)
Anent the bequest in Paragraph “ seventh ” of the will to the RELIEF FUND OF TOMPKINS LODGE NO. 471 F. & A. M., Stapleton, Staten Island, New York, I believe that same should be paid to the GRAND LODGE F. & A. M. OF THE STATE OF NEW YORK. Though the Belief Fund as named in the will is unincorporated, the
*956 parent organization geahd lodge f. & a. m. of the state of hew yobk is a membership corporation and should have the benefit of this bequest. The rule is that where an unincorporated society is a branch or subsidiary of a corporation carrying on religious, missionary or charitable work, part of which is carried on by means of the unincorporated church or society, a devise or bequest to such unincorporated church or society will be transmitted to the parent corporation. (Kernochan v. Farmers Loan & Trust Co., supra; Matter of Isbell, 1 App. Div. 158; Matter of Rogers, 143 Misc. 834; Matter of Hochhalter, 106 Misc. 419.) This reasoning is based upon the theory that the testator intended to name the corporation as the legatee and, in such a case, the courts will not permit the legacy to be defeated by a misnomer.
Therefore, there can be no doubt but that the testator intended that the gift should go to the Masonic Order of which he was a member. Thus this bequest in order to effectuate the testamentary intent of the testator should be made to the parent organization which has the control over the affairs of the lodge. (Matter of Wheeler, 32 App. Div. 183, affd. 161 N. Y. 652.)
Proceed accordingly.