180 A.2d 617 (1962)
The SOCIETY FOR the PROPAGATION OF the FAITH OF the DIOCESE OF WILMINGTON, Little Sisters of the Poor, Incorporated, Catholic Welfare Guild, Inc., Seton Villa, Inc., and The Roman Catholic Male Protectory, Incorporated, a Religious Corporation of the State of Delaware, and The Society for the Propagation of the Faith, a Corporation of the State of New York, Plaintiffs,
v.
Edward JOSWICK and Mary Joswick, Defendants.
Court of Chancery of Delaware, New Castle.
May 9, 1962.
Alfred Fraczkowski, Wilmington, for plaintiffs.
Anthony F. Emory, Wilmington, for defendants.
*618 SHORT, Vice Chancellor.
Plaintiffs seek specific performance of a contract for the sale of a parcel of land situate at 1124 West Fourth Street in the City of Wilmington. Defendants have refused to accept a deed of the premises mentioned on the ground that plaintiffs can not convey to them a good and marketable fee simple title thereto.
On December 19, 1958, Anna C. Crotty, a resident of the City of Wilmington, died. By her last will and testament bearing date September 6, 1957 Anna C. Crotty devised and bequeathed the residue of her estate to "The Society for the Propagation of the Faith, 2400 Lancaster Avenue, Wilmington, Delaware, Little Sisters of the Poor, 5th and Bancroft Parkway, Wilmington, Delaware, Catholic Welfare Guild, 418 Orange Street, Wilmington, Delaware, Sisters of Charity, 601 West Street, Wilmington, Delaware." Included in the residue of testatrix' estate was the parcel of real estate, improved by a dwelling, which is the subject matter of this action. The Society for the Propagation of the Faith, 2400 Lancaster Avenue, Wilmington, Delaware, one of the devisees named in the residuary clause of the last will and testament of Anna C. Crotty was, at the time of the execution of said will and at the time of the death of said Anna C. Crotty, an unincorporated association of persons.[1] It has since been incorporated under the name of "The Society for the Propagation of the Faith of the Diocese of Wilmington" (hereinafter Delaware Society), such incorporation having been effected under the laws of this state on September 16, 1960. The complaint alleges and the answer admits that the several Delaware corporate plaintiffs including the Delaware Society, are "organized and maintained to effectuate religious and charitable works."
It appears that The Society for the Propagation of the Faith is a world-wide organization whose purpose is to spread the faith and teachings of the Roman Catholic Church. The Delaware Society, both prior to and since its incorporation, has carried on this purpose. The affairs of the world organization within the United States are carried on and administered through The Society for the Propagation of the Faith, a New York corporation, incorporated in 1898 (New York Society), of which Bishop Fulton J. Sheen is President. Bishop Sheen is also National Director of the world society. Local societies within the several dioceses, of which the Delaware Society is an example, are affiliates of the national organization which conducts its affairs through the New York Society. They are required to report to the national organization all funds and gifts received. These are allotted to missions, both home and foreign, by the national body. The Diocese of Wilmington, being designated as a "Mission Diocese", receives such allotments. By stipulation the parties have agreed that under New York law the New York Society "has the power to acquire real property by devise or otherwise and to dispose of the same by deed or otherwise."
By written agreement dated August 29, 1960 defendants agreed to buy the property situate at 1124 West Fourth Street in the City of Wilmington for the price of $5600, of which $200 was deposited with plaintiffs' agent and the balance was to be paid on the delivery of a deed. The agreement called for final settlement to be completed on or before October 12, 1960. It is signed by defendants and by the several residuary devisees of Anna C. Crotty, including the Delaware Society. The date or dates on which the several residuary devisees executed the sales agreement does not appear, but it is fair to say that the agreement was not signed on behalf of the Delaware Society *619 until sometime after September 16, the date of its incorporation. By deed dated September 19, 1960 the New York Society conveyed to the Delaware Society all of the right, title and interest of the New York Society in and to the premises situate at 1124 West Fourth Street in Wilmington. This deed was recorded in the office of the Recorder of Deeds in and for New Castle County, Delaware, on January 5, 1961.
Defendants contend that since The Society for the Propagation of the Faith, 2400 Lancaster Avenue, Wilmington, Delaware, was an unincorporated association at the date of the death of Anna C. Crotty and on the date of the contract here sought to be enforced, such society was incapable of taking and holding the title to the parcel of land involved and can not, therefore, convey good title. Defendants rely upon the provisions of 27 Del.C., Sections 110 and 113.
Section 110 of Title 27 provides:
"Every religious corporation may take and hold by gift, devise, will, deed or lease, real-estate or monies, securities or other things of value, to be laid out in real-estate, and personal property of all kinds, and may alien, mortgage or otherwise encumber and dispose of the same at pleasure, unless restricted by the provisions of such gift, devise, will, deed or lease."
Section 113 of Title 27 provides:
"No grant, conveyance, devise or lease of any real estate, dedicated or appropriated, or intended to be dedicated or appropriated, to purposes of religious worship for the use of any congregation or society, shall vest any right, title or interest in any person or persons to whom such grant, conveyance, devise or lease is made unless such grant, conveyance, devise or lease shall be made, both in form and in fact, to a corporation organized according to the provisions of the laws of this State, as contained and provided in and by this chapter."
Defendants' contention that the unincorporated association could not take and hold title is, of course, meritorious, though I fail to see the applicability of § 113 of Title 27. That section pretends to deal only with grants, devisees or leases dedicated or appropriated, "to purposes of religious worship for the use of any congregation or society." No such dedication or appropriation is evidenced by the language of the residuary clause of the will of Anna C. Crotty. But plaintiffs contend that since there was a corporation existing at the date of the will and at the time of testatrix' death which was capable of taking the devise, namely, the New York Society, the court should not permit the devise to fail. By the express terms of § 110 of Title 27, Del.C., every religious corporation is empowered to take and hold by will real estate and personal property and to dispose of the same unless restricted by the provisions of such will. This statute does not pretend to confine its applicability to corporations of this state. It is clear, therefore, that since the New York corporation is capable, under New York law, of taking and holding title to real estate, the gift here involved should not be permitted to fail if it can fairly be said that the testatrix intended to benefit the New York Society.
In determining the intention of the testatrix certain well-recognized rules of will construction must be borne in mind. It is the stated policy of our courts to liberally construe charitable bequests in order to carry into effect the testator's intention and "every presumption consistent with the language used will be indulged to sustain them." Trustees of Protestant Episcopal Church of Diocese of Delaware v. Equitable Trust Co., 26 Del.Ch. 427, 24 A.2d 327. Moreover, there is a strong presumption that a testator who has purported to dispose of his whole estate did not intend to die intestate as to a part thereof. Girard Trust Co. v. Rector, Wardens and Vestrymen *620 of St. Anne's P. E. Church, 30 Del. Ch. 1, 52 A.2d 591. It is evident from the terms of the will of Anna C. Crotty that she intended to benefit the Catholic society whose purpose was to spread the faith and teachings of the Roman Catholic Church. This is evidenced not only by the residuary clause of her will naming The Society for the Propagation of the Faith as a beneficiary, but also from the second item of her will in which she directs her executor to give notice of her death "to the director of The Society for the Propagation of the Faith, 2400 Lancaster Avenue, and to the Provincial of the Oblates of St. Francis De Sales 2200 Kentmore Parkway with whom arrangements have been made for Gregorian masses to be offered for the repose of my soul." As then Vice Chancellor Seitz observed in Campbell v. St. Joseph's Industrial School, 30 Del.Ch. 84, 53 A.2d 768, "the will shows that the testatrix was concerned with her spiritual welfare, and it also indicates that she had a real interest in the Little Sisters of the Poor and St. Joseph's Industrial School  both charitable institutions entitled to somewhat more consideration than would otherwise be the case." In the cited case it is interesting to note that St. Joseph's Industrial School was an unincorporated association and that the parties stipulated with the approval of the court that whatever property the unincorporated school might be entitled to receive "will be properly distributed if it is given to St. Joseph's Society for Colored Missions of Delaware, a Delaware corporation." The will of Anna C. Crotty discloses that this testatrix also was concerned with her spiritual welfare and that she had a real interest in The Society for the Propagation of the Faith.
While there is no case in this state which deals with the precise question under consideration, a somewhat analogous situation was presented in Hutton v. St. Paul Brotherhood, 20 Del.Ch. 413, 178 A. 584. In that case, testatrix bequeathed the residue of her estate to "The St. Paul Brotherhood of the People's Church of Dover, Delaware," for a charitable purpose. The legatee named was an unincorporated association. The court, after observing that the members of the unincorporated association should not be permitted to take and hold the bequest as trustees, said:
"But even so, a bequest to such an association upon charitable trusts ought not to be permitted to fail. * * *
"But it is contended, and I think properly so, that the bequest was not intended to be to the St. Paul Brotherhood of the People's Church of Dover, Delaware. It was intended rather to be to The People's Church of Dover, Delaware. The fact upon which this contention rests is that the Brotherhood is an organization within the church, a subordinate or auxiliary body, through which the church effectuates in part the general religious purposes its incorporation is designed to promote. When such is the case the bequest is considered as having been intended to be to the main and dominant body."
Among the cases cited by the Chancellor in the Hutton case as authority that a bequest to an unincorporated association within a church is considered as having been intended to be to the church itself is Kernochan v. Farmers' Loan & Trust Co., 187 App.Div. 668, 175 N.Y.S. 831, affirmed 227 N.Y. 658, 126 N.E. 912. In the cited case the court was concerned with a bequest "to the Charles Knox Memorial (Methodist) Church, in Manila, Philippine Islands." The legatee named was not a corporation and there was no church or religious body in Manila known by that name. There was, however, a New York religious corporation of the name of "Board of Foreign Missions of the Methodist Episcopal Church," which corporation was organized for conducting religious and charitable work in various parts of the world, including the Philippine Islands. The corporation had erected and maintained a *621 church in Manila some years before. The testator had contributed a sum toward the erection of this church. The church was known as "Knox Memorial" and "Knox Memorial Church." The court found that the committee in charge of the church was a branch of the Board of Foreign Missions of the Methodist Episcopal Church, the New York corporation. The court said: "The church having not been incorporated could not, however, take; but the courts have evolved another rule of construction under which the appellant may take, on the ground that the church designated was a branch of the appellant, or a local designation of the particular religious missionary work which the appellant was conducting by and through this church at Manila, and therefore, in order to sustain the legacy, the corporation, a branch of which or of whose work the church was, will be permitted to take."
In In re Cornwall's Estate, 208 Misc. 1054, 145 N.Y.S.2d 427, the testator bequeathed the residue of his estate to "the organization known as `I Am Activity'." The association was not incorporated. It was affiliated with the St. Germain Foundation, a membership corporation organized under Illinois law. The court held that the bequest could be discharged by payment to the parent corporation which had formally signified its intention to use the bequest for the benefit of the unincorporated association. See also, In re Bradford's Estate, 17 Misc.2d 954, 188 N.Y.S.2d 617.
Though there is no specific allegation in the pleadings or affidavits in this cause I think it fair to say that it is evident that the testatrix here was of the Roman Catholic faith. This fact taken into consideration with the interest disclosed by her will in The Society for the Propagation of the Faith necessarily leads to the conclusion that she was aware not only of the objects and purposes of the society, but also of the fact that it was an organization having world-wide existence. There is nothing in the will which would tend to indicate an intention on the part of the testatrix to limit her beneficence toward the society to the spread of the faith only within the Diocese of Wilmington. I do not regard the address appended to the designation of the residuary devisee as of any significance. It is merely an address of the local office of the society and in no way indicates any intention not to benefit the society as a whole.
The record establishes that at the time of the death of Anna C. Crotty The Society for the Propagation of the Faith in Wilmington was an unincorporated association which was a subordinate or auxiliary body to the national society for the Propagation of the Faith and that the affairs of the national society are administered through the New York Society. The latter, under the circumstances, may be regarded as the parent organization, and since it is capable of taking and holding title to the property here involved, the intention of the testatrix may properly be recognized and effectuated through its medium. I therefore hold that the devise in the Twelfth Item of the will of Anna C. Crotty to The Society for the Propagation of the Faith, insofar as such devise pertains to the property situate at 1124 West Fourth Street, Wilmington, Delaware, was a devise to The Society for the Propagation of the Faith, a corporation organized and existing under the laws of the state of New York. Since defendants admit that the testatrix was the owner of said property at the time of her death and since the New York Society has conveyed all its right, title and interest therein to the Delaware Society, the latter, together with Little Sisters of the Poor, Incorporated, Catholic Welfare Guild, Inc., and the Roman Catholic Male Protectory, Incorporated, corporations of the State of Delaware, may now convey to the defendants a good and marketable title in and to said premises.
Plaintiffs' motion for summary judgment is granted, and defendants are directed to specifically perform the agreement dated August 29, 1960. Order on notice.
NOTES
[1] The correct address of the association is 2305 Lancaster Avenue, Wilmington, Delaware, rather than 2400 Lancaster Avenue, as stated in the will. I attribute no significance to this incorrect designation of address.