ST. PETER'S CHURCH *vs.* HELEN A. BROWN, Executrix.

PROVIDENCE—JULY 1, 1899.

PRESENT : Matteson, C. J., and Tillinghast, J.

(1)  *Chancery Jurisdiction of Court.*

The decision of this court given in the case of *Pell* v. *Mercer*, 14 R. I. 412, relative to the law of charitable uses and of the *cy pres* jurisdiction of the court, affirmed.

(2) *Charitable Uses. Cy pres Doctrine.*

Although a testamentary bequest to a charitable use is to a voluntary asso-
ciation or unincorporated society, a body uncertain, indefinite, and
fluctuating in its membership, the court will, under its chancery juris-
diction, uphold it and will appoint a trustee to take and administer the
fund agreeably to the bequest.

BILL IN EQUITY for the appointment of a trustee to receive
and hold a bequest, given to an unincorporated religious
society for religious purposes.    Heard on bill and demurrer.
Demurrer overruled.

MATTESON, C. J.    This is a bill in which the complainant
prays to be appointed a trustee to receive and hold a bequest
of a thousand dollars under the codicil to the will of Elisha
O. Angell, late of Providence, deceased, which codicil is as
follows : " I hereby give and bequeath the sum of one thou-
sand dollars to the St. Peter's Protestant Episcopal Church
in Manton, in trust forever, to use and apply. the income
therefrom accruing for such purposes in connection with the
maintenance and support of said church as to the rectors and
wardens of the said church shall seem best."

The bill alleges that said St. Peter's Protestant Episcopal
Church in Manton was an unincorporated religious society,
organized for religious purposes and carrying on religious
work, and was an ecclesiastical organization recognized by
and in full union with the Protestant Episcopal Church in
the State of Rhode Island, and was in existence at the time
of the making and execution of the codicil and the probate
thereof, and that membership in said St. Peter's Protestant
Episcopal Church in Manton was determined by and in ac-
cordance with the laws and ecclesiastical authority of the
Protestant Episcopal Church in the diocese of Rhode Island ;
that on June 13, 1898, its wardens and members duly or-
ganized themselves into a parish of the Protestant Episcopal
Church of the diocese of Rhode Island, under the name of
St. Peter's Church, located in the village of Manton, in
Johnston, and became a corporation under that name, duly
created under the laws of this State ; that it is carrying on

as such corporation and as a successor of the St. Peter's Protestant Episcopal Church in Manton the same religious work as the former church, and under the same rules, regulations, and principles, in the same building and town, and having for its congregation the members of the former church; that its membership is still determined by the laws and ecclesiastical authority of the Protestant Episcopal Church in the diocese of Rhode Island; and that it is in every sense the successor of the former church, having succeeded to its property, having the same congregation, carrying on the same work, the former church having been incorporated into the present organization.

The respondent demurs to the bill because the St. Peter's Protestant Episcopal Church in Manton, having been an unincorporated body, was incapable of receiving or administering the trust; and because there was not during the lifetime of the testator, nor at his decease, nor at the time of the probate of his will, a body inchoate or corporate known as St. Peter's Protestant Episcopal Church in Manton and capable of administering the trust provided for in the codicil.

(1)    Our opinion is that the demurrer must be overruled. The law of charitable uses, as administered by the English chancery in its regular jurisdiction, is a part of the law of this State; and this court, having full chancery powers by statute, has so much of the *cy pres* power as is exercised by the English chancery without recourse to the prerogative powers delegated to it in particular cases by the sign manual of the crown. *Pell* v. *Mercer*, 14 R. I. 412; *Rhode Island Hospital Trust Co.* v. *Olney*, 14 R. I. 449. By the English chancery system a charitable trust, unlike a private trust, is not allowed to fail for want of a trustee; but the court will appoint a trustee to carry it into effect, or will itself establish a scheme by which the purpose of the donor may be accomplished as though the legal title had been invested in a certain trustee. It follows from this principle that, though the gift to a charitable use, as in the present instance, is to a voluntary association or unincorporated society, a body uncertain, indefinite, and fluctuating in its membership, the court will nevertheless

uphold it and will appoint a trustee to take and administer the fund agreeably to the bequest.   *Cocks v. Manners*, L. R. 12 Eq. 574; *Goodell v. Union Association*, 29 N. J. Eq. 32; *Missouri Historical Society v. Academy of Science*, 94 Mo. 459; *Byers v. McCartney*, 62 Ia. 339; *Wood v. Paine*, 66 Fed. Rep. 807; 5 Am. & Eng. Ency. L. 2 ed. 918, note.

A decree may be entered for the appointment of the complainant as trustee, according to the prayer of the bill.

*Bassett & Mitchell*, for complainant.

*Wood & Fitch*, for respondents.