# Wytheville.

Jordan v. Universalist General Convention Trustees.

June 13, 1907.

1. Indefinite Charities—*Devise to a ·Corporation for Corporate Purposes.*—While the courts of chancery of this State will not undertake to enforce indefinite charities, a devise to a corporation for the general purposes of its incorporation cannot be said to be uncertain in any respect, and will be upheld. It is immaterial that the corporation was created by another State, and that its object is to hold property for church purposes.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*S. M. Brandt,* for the appellant.

*T. S. Purdie,* for the appellee.

Keith, P., delivered the opinion of the Court.

Thaddeus Jordan, the appellant, filed his bill in the Circuit Court of the city of Norfolk, in which he states that he is the heir at law and next of kin of Joseph Jordan, deceased, who by his last will and testament gave to his wife, Mary Elizabeth Jordan, and his son, Richard Silvester Jordan, "my dwelling

house and lot in Huntersville (in the county of Norfolk), on North Street, called Lot No. 20, in the following manner, that is to say: Should my said son survive my said wife, to him for his life; should my said wife survive my said son, to her for her lifetime; while they both live to own the same equally; at the death of both the said house and lot to go to the Trustees of the Universalist General Convention, and by them to be sold and the money applied to mission work in the United States of America."

It appears that both Mary Elizabeth Jordan and Richard Silvester Jordan are dead, dying intestate and without issue; that the plaintiff is the son of Joseph Jordan, the testator, by a former marriage; that he has no brothers or sisters nor the descendants of any living; and that he is the sole heir at law and distributee. The bill avers that the Universalist General Convention is an unincorporated religious society, composed of the various branches of the Universalist Church throughout the United States; that plaintiff has used due diligence to ascertain who the representatives or trustees of the Universalist General Convention are, and he further alleges that the Universalist General Convention cannot take title to real estate in the State of Virginia; that the remainder after the life tenancy of Mary Elizabeth Jordan to the Universalist General Convention, or the representatives or trustees thereof, is null and void; that the devise of the property intended to be disposed of by the first clause of the will is so indefinite that its meaning and effect cannot be determined without the aid of a court of equity; and, therefore, he prays that the trustees of the said Universalist General Convention, and all other unknown persons who are or may be interested in the real estate attempted to be devised by the first clause of the will, may be made parties defendant to the bill by the general description of parties unknown.

From the answer and exhibits filed by the trustees of the Universalist General Convention, it appears that the Univer-

salist General Convention is a corporation duly incorporated
and organized under the laws of the State of New York, as
appears by an Act of the Legislature of that State passed March
9, 1866, and this is agreed to be a fact. It is also agreed that
the persons who in the answer style themselves as the trustees
of the said corporation, are its duly elected and qualified
trustees.

Upon the pleadings and proof, the Circuit Court was of
opinion "that the said corporation is not prohibited by the laws
of the State of Virginia, or by public policy, from taking and
selling the property so devised to it and using the proceeds of
its sale, for the purposes specified in said devise; and that the
said devise in the first clause of the will of the said Joseph
Jordan is a valid disposition of the property named therein to
the aforesaid corporation, the Universalist General Convention,
subject to the life estate of the aforesaid wife and son of the
testator," and from that decree Thaddeus Jordan obtained an
appeal from one of the judges of this court.

The contention of appellant is that the disposition of real
estate must be made in accordance with the laws of the place
in which it is situated, and that a devise of land to a corpora-
tion for the uses declared in the clause of the will under con-
sideration is contrary to the public policy of this State, and
therefore null and void.

In *Gallego's Ex'ors. v. Attorney General,* 3 Leigh, 450, 24
Am. Dec. 650, the court held that the English statute of chari-
table uses of 43 Eliz. having been repealed in Virginia, "the
courts of chancery have no jurisdiction to decree charities,
where the objects are indefinite and uncertain." It was ac-
cordingly held that a bequest of $2,000 to be distributed
*among needy, poor and respectable widows,* and the devise of a
lot to trustees in fee, upon trust to permit *all and every person
belonging to the Roman Catholic Church, as members thereof,
or professing that religion, and residing in Richmond at the*

*time of his death,* to build a church on the lot, for the use *of themselves and of all others of that religion who may hereafter reside in Richmond,* were void for uncertainty as to the beneficiaries.

In *Seaburn* v. *Seaburn,* 15 Gratt. 423, it was held that the devises and bequests contained in the will then under consideration would undoubtedly be void for uncertainty, according to the principle of *Gallego's Ex'ors.* v. *Attorney General;* but in that case counsel contended that the devises and bequests were rendered valid under Ch. 77, sec. 8, p. 362, of the Code (1849) then in force, which provided that "Every conveyance, devise or dedication shall be valid which since the 1st day of January, 1777, has been made, and every conveyance shall be valid which hereafter shall be made, of land for the use or benefit of any religious congregation as a place for public worship or as a burial place or a residence for a minister; and the land shall be held for such use or benefit and for such purpose and not otherwise." It was held, however, that the case was controlled by the decisions applicable to indefinite charities, and was not validated by the statute, because the word "conveyance" as therein used did not embrace a devise.

In *Roy* v. *Rowzie,* 25 Gratt. 599, it was held that where the person or object or subject referred to in a bequest is uncertain, or does not answer precisely the description given them in the will, or where there are two or more objects or subjects which answer equally the description, resort must be had to parol evidence and the surrounding circumstances to show what the testator intended by the expressions which he used; and if such intention is so ascertained with sufficient certainty the bequest is valid. In that case a bequest to "the Baptist Theological Seminary in South Carolina," was held, upon the evidence, to have been intended to be a bequest to the "Southern Baptist Theological Seminary," a Baptist theological institution in South Carolina, incorporated by an act of that State.

In the course of the opinion the court said: "There can be no doubt but that generally a testator, domiciled in this State, may, by his will, duly executed and admitted to probate, according to the laws of this State, make a valid bequest to a corporation chartered by another State, and authorized by its charter to take and hold property.

"The Southern Baptist Theological Seminary is a corporation chartered by the State of South Carolina, and authorized by its charter to take and hold property; and the bequest in question was made to it by a testatrix domiciled in this State, by her will duly executed and admitted to probate according to the law of this State. Why then is not the said bequest valid?

"Certainly it is competent for the legislature of this State to prohibit altogether a bequest to a corporation of another State, and *a fortiori* to prohibit such a bequest in a particular or special case. There has been no such prohibition generally, or altogether. Has there been any particular or special prohibition which applies to the case under consideration? The appellees contend that there has been, while the appellants contend for the contrary; and this is the main subject of controversy in this case.

"The appellees contend that our law prohibits any bequest to a theological seminary, whether it be in or out of the State, while the appellants contend that our law does not prohibit a bequest to an incorporated theological seminary, authorized by its charter to take and hold property, whether such corporation be in or out of the State.

"The law on which the appellees rely is contained in the Code (of 1873), ch. 77, sec. 2, which declares that 'every gift, grant, devise or bequest which, since the second day of April in the year one thousand eight hundred and thirty-nine, has been, or at any time hereafter shall be, made for literary purposes, or for the education of white persons within this State (other

than for the use of a theological seminary) ;' and similar words are then used in regard to the education of colored persons within this State, after which the law proceeds: 'whether made in either case to a body corporate or unincorporated, or a natural person, shall be as valid as if made to or for the benefit of a certain natural person,' &c.

"Certainly this is the only law of this State which can have the effect, if any can, of invalidating the bequest in question. Can this law have that effect?

"It has always been settled as a general rule, that a devise or bequest, indefinite as to its object or purposes, was on that account void. In England the subject of charities has long if not always formed an exception to that rule; either at common law or in virtue of the statute of 43 Eliz., commonly called the statute of charitable uses. But ever since the decision of the cases of the *Baptist Association* v. *Hart's Ex'ors,* 4 Wheat. 1, 1 L. Ed. 499, by the Supreme Court of the United States, and *Gallego's Ex'ors.* v. *The Attorney General,* 3 Leigh 450, 24 Am. Dec. 650, by this court, it has been considered to be well settled that the English law of charities does not exist in this State, and that with the exception thereafter made by statute, which will be presently noticed, 'charitable bequests,' in the language of Judge Carr, in the latter case, 'stand on the same footing with us as all others, and will alike be sustained by courts of equity.' "

The result of that inquiry was to hold that the bequest was valid.

It will be observed that in this case the bequest is to the trustees of the Universalist General Convention of the remainder in certain real estate, which is to be by them sold and the money applied to mission work in the United States of America.

In *Protestant Episcopal Education Society of Virginia* v. *Churchman,* 80 Va. 718, a bequest to be used exclusively for

"educating poor young men for the Episcopal ministry, upon the basis of evangelical principles as now established," was held not to be void for uncertainty, and *Gallego's Ex'ors* v. *Attorney General, supra,* was disapproved.

A like result was reached in *Trustees* v. *Guthrie,* 86 Va. 125, 10 S. E. 318, 6 L. R. A. 321; and in *Fifield* v. *Van Wyck,* 94 Va. 557, 27 S. E. 446, 64 Am. St. Rep. 745, the whole subject was reviewed, the doctrine of *Gallego's Ex'ors.* v. *Attorney General* re-affirmed, and the *dicta* disapproving that decision which appear in the opinions in 80 and 86 Va., above cited, were in terms disapproved, though the correctness of the decision in each of those cases was not questioned. While the provisions of the will in *Fifield* v. *Van Wyck, supra,* were held to be too indefinite to be enforced by a court of equity, there is no intimation or suggestion that a devise to a corporation for purposes within the scope of its powers and duty would be held void. That case merely maintains that the doctrine asserted in *Gallego's Ex'ors* v. *Attorney General,* is the law of this State, except and until it is or shall be modified by the legislature; and that our courts of chancery will not undertake to enforce indefinite charities.

In the still more recent case of *Jordan's Admx.* v. *Richmond Home for Ladies,* 106 Va. 710, 56 S. E. 730, the whole subject was elaborately reviewed, both as to the decisions and the statute law in force in this State, and the conclusion reached that a bequest to a corporation for the general purposes of its incorporation was not uncertain in any respect.

We are of opinion that there is no error in the decree of the Circuit Court, which is affirmed.

*Affirmed.*