VICTORIA ILCZYSZYN *vs.* AMBROSE CHOQUET.

NOVEMBER 17, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Poor Debtor's Oath.   Withdrawal of Petition.*

Where a defendant committed on original writ has petitioned to be allowed to take the poor debtor's oath, his failure to appear at the time and place named in the citation, when it was impossible for him to appear unless brought there upon a *habeas corpus* which it was the duty of the justice to issue under the statute Gen. Laws, 1909, cap. 327, § 5, cannot be regarded as a withdrawal of the citation and hence a second citation is not prohibited by Gen. Laws, 1909, cap. 326, § 11.

PROHIBITION.   Heard on petition for writ and denied.

JOHNSON, C. J. This is a petition for a writ of prohibition to restrain and prohibit the respondent, justice of the district court of the eleventh judicial district, from hearing the petition of Alexander Mostecki that he be admitted to take the poor debtor's oath.

It appears that said Mostecki is imprisoned in the Providence County Jail, having been on February 23d, 1916, committed on an original writ in an action of trespass for assault and battery brought against him by Victoria Ilczyszyn of Woonsocket; that on August 26th, 1916, said Mostecki petitioned the justice of the district court of the twelfth judicial district that he be allowed to take the poor debtor's oath; that on the same date said justice issued a citation to said Victoria Ilczyszyn to appear before said justice at the district court room in Woonsocket on September 2d, 1916, at nine o'clock A. M., to show cause why said Mostecki should not be allowed to take said oath; that said citation was duly served upon said Victoria Ilczyszyn and that she appeared at said time and place, but that said Mostecki did not so appear, and that no hearing was had; that on September 19th, 1916, said Mostecki, being still imprisoned on commitment on said original writ, petitioned the justice of the district court of the eleventh judicial district that he be allowed to take the poor debtor's oath; that said justice on the same date issued a citation to said Victoria Ilczyszyn to appear at the Providence County Jail on the 27th day of September, 1916, at eleven o'clock A. M., to show cause why said Mostecki should not be allowed to take the said oath.

The petition for a writ of prohibition sets forth that in said last mentioned citation there was no statement of a change of circumstances after the taking out of the first citation and also that after the service of the citation upon said first petition said Mostecki withdrew the same.

Chapter 326, Section 11, General Laws, 1909, is as follows: "If a debtor take out a citation to his committing creditor and have the same served and subsequently withdraw the

same, or if upon trial he shall not be admitted to take the oath above prescribed, he shall not be entitled to another citation to the same creditor unless on proof of some change of circumstances after the taking out of the first citation, a statement of which change of circumstances shall be annexed to or recited in the second citation and form a part thereof."

The statute prohibits a second citation only where the applicant after service of the citation subsequently withdraws the same, or where, upon trial, he shall not be permitted to take the oath. There was no hearing upon said citation. A second citation, therefore, is not prohibited by said statute upon the ground that upon trial he was not permitted to take the oath. Counsel for petitioner contends that the failure of Mostecki to appear constituted a withdrawal of the citation. Chapter 327, Section 5, General Laws, 1909, provides: "Upon the return of such citation duly served, such justice shall cause the petitioner to be brought before him upon *habeas corpus* at the time and place named in such citation, and either then or at such other time as said justice shall appoint, shall proceed to examine the petitioner and to hear the evidence which may be properly adduced in favor of and against the granting of the prayer of said petition. . . ." It does not appear whether a *habeas corpus* was issued or not. The petitioner, however, did not appear. The issue and service of a *habeas corpus* as required by the statute must necessarily have produced him. Can his failure to appear under such circumstances be regarded as a withdrawal of the citation?

Under a statute substantially the same as Chapter 326, Section 11, General Laws, 1909, this court in *Angell* v. *Robbins*, 4 R. I. 493–505–506, said: "We have not thus far taken notice of the second application of the debtor, and the citation thereon, as alleged in the replication; and have treated the subject as if the second citation had not issued, and as if the change had taken place between the first and the third citation upon which the debtor was discharged. Upon the proper construction of the 18th section

of the poor debtor's act, we think that the second citation did not affect the rights of the parties in any respect. This section prohibits the debtor from having a second citation only in cases, where, having had his citation served upon the creditor, he subsequently *withdraws*, the same, or where, upon trial he shall not be admitted to take the oath. In this case, as stated in the replication, there was no trial, and therefore that alternative did not occur. Neither was it withdrawn in any proper sense, within the meaning of this section. The notice in this case was insufficient in point of time. Upon it the creditor was not bound to appear, and he did not appear to waive any right of his. The justice felt that he had no authority to proceed to a hearing; the citation being a ministerial act necessary to give jurisdiction to the magistrates and not conforming to the law. A withdrawal implies something more than a mere passive submission to the act of the justice. It implies some act of the debtor, taking the subject-matter from the consideration of the magistrates. The replication discloses no act of the debtor to avoid a trial of the merits of his application. It simply states, that nothing further was done after the service of the citation. It does, however, disclose a sufficient reason why the justice, of his own motion, should decline to proceed, without any action of the debtor either way, and even against his wish to proceed to a hearing. If the creditor had appeared and taken the objection that the notice was insufficient, and the justices had thereupon dismissed the application, the debtor would stand in the same position. His citation would neither be withdrawn, nor would he be denied the oath upon trial. It would be simply determined, by the justices, that he had no right now to be heard, because the parties were not properly before them."

In the case at bar we are of the opinion that the failure of Mostecki to appear at the time and place named in the citation upon the first application, when it was clearly impossible for him to appear unless brought there upon a *habeas corpus* which it was the duty of the justice to issue

under the statute, cannot be regarded as a withdrawal of the citation.

The second citation, therefore, is not prohibited by Chapter 326, Section 11, General Laws, 1909.

The petition for a writ of prohibition is denied and dismissed.

*James H. Rickard, Jr.,* for petitioner.
*Arthur M. Surprenant,* for respondent.