RALPH B. TAYLOR, *Executor vs.* THE SALVATION ARMY *et al.*

JUNE 14, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This bill in equity is brought by the executor of the will of William E. Whitford, late of the city of Cranston, deceased, praying for the construction of portions of said will and instructions relative thereto. All persons interested in said will have been made parties. The bill was filed in the Superior Court and being ready for hearing for final decree was certified to this court for determination as required by § (4968), G. L. 1923.

William E. Whitford died July 10, 1926, and his will with codicil was duly admitted to probate by the probate court of the city of Cranston. The 11th paragraph of said will, as amended by the codicil, is as follows: "Eleventh: I give, devise and bequeath unto the Salvation Army Corps No. 1, of Providence, Rhode Island, the sum of $5000 to be to it absolutely." The 21st paragraph of said will is the residuary paragraph and gives the rest, residue and remainder of the testator's estate to five beneficiaries, including "said Salvation Army Corps No. 1, of said Providence" in fee simple absolutely and forever, share and share alike.

The bill alleges that said Salvation Army Corps No. 1, of Providence is an unincorporated religious and charitable association of a large number of persons and that it is subject to control by an executive officer who is appointed by The Salvation Army, a corporation created under the laws of the State of New York. The executor avers that he is in doubt as to who is entitled to receive said gifts to the Salvation Army Corps No. 1, of Providence and asks for instructions as to whether said gifts are valid as gifts for charitable purposes and, if so, to what person, persons or corporation the same should be paid.

It appears by the exhibits that the Salvation Army of the United States was duly authorized to become incorporated under the laws of the State of New York and that it became such a corporation under the name of The Salvation Army. As such corporation it is designed to operate as a religious

and charitable corporation in all of the states and territorise of the United States. To carry on its beneficent purposes its entire receipts, revenues and emoluments are devoted exclusively to its benevolent, religious and philanthropic purposes. Its work is carried on in accordance with the discipline, rules and usages of the Salvation Army and its members are prohibited from receiving any pecuniary profit or emolument whatever, excepting reasonable compensation, for services in effecting one or more of its objects and purposes.

For the purpose of carrying on its work in this State, The Salvation Army of New York has several corps, one of which is known as The Salvation Army Corps No. 1, of Providence, Rhode Island. All of these corps are controlled and operated under the supervision of executives appointed by The Salvation Army of New York.

The attorney-general, as representative of the State, was made a party respondent and has filed an answer in which he averred that after investigation he was of the opinion that The Salvation Army of New York is authorized to take by bequest property for the uses and purposes of said corporation and that said corporation is so organized that it may receive and administer said bequests solely and exclusively for the maintenance and support of the charitable work of the Salvation Army Corps No. 1, of Providence, Rhode Island.

The testator made substantial gifts to seven charitable associations. He made each bequest to the named beneficiary "to be to it absolutely." By the use of these words it is clear that the testator did not intend that his gifts should be divided among the individual members composing said associations if they happened to be unincorporated. We are of the opinion that the gifts to the Salvation Army Corps No. 1, of Providence, Rhode Island was intended by the testator to be used for the charitable purposes of said Corps No. 1 and not to be divided among the individuals composing, for the time being, said Corps No. 1.

This court has held that an unincorporated association is not a proper body to receive and administer charitable trusts and that the court will not permit a valid charitable trust to fail for want of a competent trustee but will appoint a trustee to carry out the charitable intent of the testator. *Wood* v. *Fourth Baptist Church*, 26 R. I. 594; *Guild* v. *Allen*, 28 R. I. 430; *Tillinghast, Ex.* v. *Council at Narragansett Pier, etc.*, 47 R. I. 406.

As these gifts are for the charitable purposes of the Salvation Army Corps No. 1, of Providence, we are of the opinion that they should not be paid to any corporation without the jurisdiction of this court.

June 19, 1928, we will hear the parties upon the question why a decree should not be entered directing the executor to pay said gifts to some trust company doing business in this State with instructions to pay the income which may accrue thereon to the executive officer in charge of said Salvation Army Corps No. 1, of Providence, to be used for its charitable purposes and that no part of the principal of said gifts should be paid to said officer by said trustee until after application to the Superior Court sitting in Providence, and then only upon the decree of said court adjudging such expenditure of the principal of said gifts to be advisable.

*Littlefield, Otis & Knowles*, for complainants.

*Hinckley, Allen, Tillinghast & Phillips*, for respondents.