JOHN B. HUTTON, Executor of the Last Will and Testament of Georgia A. Carroll, deceased,

*vs.*

THE ST. PAUL BROTHERHOOD OF THE PEOPLE'S CHURCH OF DOVER, DELAWARE, THE PEOPLE'S CHURCH OF DOVER, DELAWARE, a corporation of the State of Delaware, and ELIZABETH W. GRASNICK.

*Kent, May* 10, 1935.

*John B. Hutton,* for complainant.

*Ernest V. Keith,* for defendants.

THE CHANCELLOR: The testatrix provided in the twelfth item of her will as follows:

"I give and bequeath all the residue and remainder of my estate to The St. Paul Brotherhood of the Peoples Church of Dover, Delaware, for the purpose of establishing a Lectureship Foundation, which I do because of the fact that my husband, Mr. James E. Carroll, was a devoted member of said organization. I desire that the Lectureship Foundation shall be known as the James E. and Georgia A. Carroll Memorial. The fund so provided to be well and securely invested, and the income derived therefrom to be used in providing each winter a lecture or lectures on Christian subjects; the said lectures to be free to the public."

The executor desires to be instructed upon the questions first, as to whether the fund composing the residuary estate was lawfully bequeathed or whether it is intestate property; and secondly, if the bequest is not void, to whom should it be paid.

That the testatrix in and by the residuary clause created a charitable trust for religious purposes can hardly be doubted. Whether a given end is an object falling within the legal embrace of a public charity is frequently a subject of debate. But according to all the definitions of the phrase, religion is universally held to be an object which charities may be created to foster. The Supreme Court of this State in *Trustees of New Castle Common v. Megginson,* 1 *Boyce,* 361, 77 *A.* 565, 571, *Ann. Cas.* 1914A, 1207, quoting with approval from *Jackson v. Phillips,* 14 *Allen (Mass.)* 539, 566, includes in its definition of a charity, a gift "for the benefit of an indefinite number of persons either by bringing their hearts under the influence of education or religion."

The bequest, then, being one in trust for a charitable purpose, is not void notwithstanding the unlimited duration of its length. *Griffith, et al., v. State,* 2 *Del. Ch.* 421. Unless

there be some infirmity otherwise in the bequest, the fund is not distributable as upon intestacy.

The only possible suggestion of an infirmity otherwise is in the character of the legatee which is to administer the trust. The legatee literally named is The St. Paul Brotherhood of the People's Church of Dover, Delaware. There is an organization of that name. It is an unincorporated association of persons. The authorities appear not to be uniform upon whether an unincorporated association of individuals may be the trustee for a charity. As the gift is to a body that has no distinct entity as such, which is uncertain, indefinite and fluctuating in its membership, it would seem that, aside from the question of the general competency of such organizations to take and hold property, they ought not to be permitted to do so as trustees. But even so, a bequest to such an association upon charitable trusts ought not to be permitted to fail. The court having jurisdiction over trusts should in such cases appoint a legally competent trustee to administer the trust. *St. Peter's Church v. Brown*, 21 *R. I.* 367, 43 *A.* 642; *Taylor v. Salvation Army*, 49 *R. I.* 316, 142 *A.* 335; *In re Winburn's Will*, 139 *Misc.* 5, 247 *N. Y. S.* 584; *Fitzgerald v. Doggett's Ex'r.*, 155 *Va.* 112, 155 *S. E.* 129; 2 *Bogert on Trusts and Trustees*, § 328. This is on the general principle that a charitable trust will never be allowed to fail for the want of a trustee. *Griffith v. State, supra.* If then it were granted that the bequest in this case were meant to be to the Brotherhood as the trustee, its incapacity to act as such would not defeat the legacy. It would result only in the appointment of a competent person or corporation as trustee for the fund.

But it is contended, and I think properly so, that the bequest was not intended to be to the St. Paul Brotherhood of the People's Church of Dover, Delaware. It was intended rather to be to The People's Church of Dover, Delaware. The fact upon which this contention rests is that the Brotherhood is an organization within the church, a sub-

ordinate or auxiliary body, through which the church effectuates in part the general religious purposes its incorporation is designed to promote. When such is the case the bequest is considered as having been intended to be to the main and dominant body. *Kernochan v. Farmers' Loan & Trust Co.,* 187 App. Div. 668, 175 N. Y. S. 831, affirmed 227 N. Y. 658, 126 N. E. 912; *Yard's Appeal,* 64 Pa. 95; *Mason's Ex'rs. v. Trustees of M. E. Church at Tuckerton,* 27 N. J. Eq. 47.

The People's Church is vested by law with power to receive and hold real and personal property for the use of itself, its congregation, its ministers or members, or for schools, almhouses, or burying grounds. *Revised Code* 1915, § 2167. It may hold property dedicated to any or all of those purposes as a trustee as well as in its absolute right. In addition to the foregoing cases last cited in which this principle is recognized, citation may be made of the following: *Jordan v. Universalist General Convention Trustees,* 107 Va. 79, 57 S. E. 652; *Halsey, et al., v. Convention of the Protestant Episcopal Church,* 75 Md. 275, 23 A. 781; *Dye v. Beaver Creek Church,* 48 S. C. 444, 26 S. E. 717, 59 Am. St. Rep. 724. The project of providing lectures on Christian subjects which the testatrix desired to promote, is clearly germane to and directly in line with the general scope of the work which it is the mission of the People's Church as an incorporated religious organization to advance. For it as a trustee to hold for and apply the fund to the designated purposes is for it to do no more than what the primary purpose of its existence is intended to promote and foster, which is the dissemination and strengthening of the faith and doctrine of the Christian religion. To hold property in trust for that purpose is clearly within the scope of its corporate powers.

A decree will be entered directing the complainant as executor to transfer the residue in his hands to the defendant, The People's Church of Dover, Delaware, to be held by it under the terms of the trust which the testatrix provided.