WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Successor Trustee under the Will of WILLIAM L. EDISON, deceased,

*vs.*

MADELEINE EDISON SLOANE, CHARLES EDISON, THEODORE M. EDISON, MARION EDISON OSER, BEATRICE M. EDISON, Administratrix of the Estate of THOMAS A. EDISON, JR., deceased, WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Executor of the Estate of BLANCHE TRAVERS EDISON, deceased, WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Will of BLANCHE TRAVERS EDISON, deceased, St. Paul's School in Concord, New Hampshire, a corporation of the State of New Hampshire, STIRLING SAMUEL SMITH, DR. GEORGE TODD and NEVINS TODD.

*New Castle, August 12, 1947.*

*Caleb S. Layton,* for Wilmington Trust Co., successor trustee under last will and testament of William L. Edison, deceased.

*Robert H. Richards,* for Wilmington Trust Co., executor and trustee under last will and testament of Blanche Travers Edison, deceased.

*Clarence A. Southerland* and *Daniel F. Wolcott,* of the firm of Southerland, Berl & Potter, for St. Paul's School of Concord, N. H.

HARRINGTON, Chancellor: This case involves the validity of the exercise of a power of appointment by the last will and testament of Blanche Travers Edison, deceased, and raises important questions relating to the conflict of laws.

Thomas A. Edison, by an agreement with Central Union Trust Company of New York, dated October 2, 1925, assigned and transferred to that corporation, as trustee, certain United States Treasury bonds with the direction that the entire net income therefrom be paid to his son, William L. Edison, during his lifetime. That instrument provided:

"Upon the death of the Beneficiary the said trust fund shall be assigned by the Trustee to such persons and in such shares, interests, and proportions absolutely or in trust as the Beneficiary shall, by his last will and testament, designate and appoint, and in default of such appointment the said fund shall be distributed among his next of kin as the same shall be determined according to the laws of the State of New York."

Thomas A. Edison died a resident of the State of New Jersey on or about October 18, 1931, leaving a last will and testament which was duly proved and allowed as such, after his death, by the proper court in that State. By the seventh paragraph of that instrument he authorized and empowered his executors "to transfer and convey to a trust company to be selected by them" certain specified securities, in trust, however, to divide the income therefrom equally among his six named children for their respective lives. His will also specifically provided that "as to each of such beneficiary the trust shall be terminated on his or her death." He further authorizes and empowers each of the income beneficiaries of said trust to "dispose of his or her share of the principal of the trust estate by will or, in case of intestacy, such share shall become part of his or her estate;

* * *." That provision was subject to the proviso, however, that "each such beneficiary who shall not leave lawful issue him or her surviving, may dispose by will of one-third of his or her share of the trust estate or, in case of intestacy, such third shall form a part of his or her estate * * *."

Thomas A. Edison's executors designated Central Hanover Bank & Trust Company, of New York, the trustee of the funds bequeathed in trust by the seventh paragraph of his will.

While the language of the deed was more specific, under each of the trust instruments, William L. Edison, therefore, had a general testamentary power of appointment over certain funds of which he was the life beneficiary of the income. *Wilmington Trust Co. v. Wilmington Trust Co.,* 25 *Del. Ch.* 121, 15 *A.* 2d 153; *Equitable Trust Co. v. James,* 29 *Del. Ch.* 166, 47 *A.* 2d 303. He was a resident of the State of Delaware at the time of the creation of both of the trusts and continued to be until the time of his death. He died April 10, 1937, without issue, having first executed his last will and testament, dated January 13, 1932, which was subsequently probated as such by the Register of Wills for New Castle County. The fourth item of that instrument, in part, provides:

"In furtherance of my intention fully to exercise the powers of appointment given me under various trusts created for me by my father, Thomas A. Edison, during his lifetime, and by his last Will and Testament, I do hereby exercise said powers of appointment, as follows:

"(a) I direct that the proceeds of the said various trusts, after deducting therefrom the sum of Two Hundred Twenty-six Thousand Six Hundred and Sixty-six Dollars ($226,666.00), shall fall into and become a part of my residuary estate.

"(b) I give, devise and bequeath the said sum of Two Hundred Twenty-six Thousand Six Hundred and Sixty-six Dollars ($226,666.00) unto The Union National Bank of Wilmington, a corporation of the United States of America, its successors and/or assigns, to have and to hold the same forever, but in Trust, nevertheless, for the following uses and purposes;

* * * * * *

"(3) During the trust term, after first deducting all expenses attendant upon the execution of the trust, to pay over the net income thereof to my wife, Blanche Travers Edison, in quarterly instalments of equal amount or as nearly equal as possible.

"(4) Upon the decease of my said wife, Blanche Travers Edison, to convey, transfer, deliver, pay and set over the capital of such trust fund as it shall then exist, with all gains and increases of capital, absolutely and in fee simple, to such person or persons and in such shares and proportions as my said wife, Blanche Travers Edison, shall by her Last Will and Testament, or her Codicil thereto, elect and appoint; and in default of such trust appointment, or in so far as such trust or appointment shall be ineffectual, then and in that event to convey, transfer, deliver, pay and set over the capital of such trust estate as it shall then exist, with all gains and increases of capital thereof, to my next of kin then living, who would be entitled to share in my estate, under the statutes now in force in the State of Delaware regulating the distribution of the property of intestate decedents."

The Union National Bank of Wilmington qualified as trustee under item fourth of the last will and testament of William L. Edison, deceased.

Central Hanover Bank & Trust Company also became the successor trustee under the agreement executed by Thomas A. Edison dated October 2, 1925. On May 2, 1938 the Supreme Court of the State of New York, for New York County, settled the account of the trustee under that agreement and signed an order which stated that William L. Edison, deceased, had duly exercised the power of appointment over the property held by Central Hanover Bank & Trust Company, as trustee, and directed it to transfer and deliver the trust estate to the Union National Bank of Wilmington as ancillary executor of the last will and testament of William L. Edison, deceased. The order further provided that upon the delivery of the trust corpus as aforesaid ($121,000 face amount U. S. of America Treasury 4¼% bonds), the trustee should be discharged from any and all liabilities under the said indenture.

Marion Oser, Madeleine Sloane, Charles Edison and Theodore Edison, defendants in this proceeding, were re-

spondents in that petition and appeared, and apparently consented to the order entered by the court.

On or about May 7, 1938, the Union National Bank of Wilmington, executor and trustee under the will of William L. Edison, deceased, executed and delivered its receipt for the principal of the said trust estate created by the deed of October 2, 1925, and the accumulated income thereon, in satisfaction of the order of the New York court.

Central Hanover Bank & Trust Company, the trustee selected by the executors of the estate of Thomas A. Edison under the provisions of the seventh paragraph of his will, also paid over and delivered to the Union National Bank of Wilmington the portion of the estate of the said Thomas A. Edison, deceased, over which William L. Edison had the power of appointment; and the said Union National Bank as executor and trustee executed and delivered its receipts therefor on or about June 30, 1939 and February 7, 1941. Since then both trust funds have been held and administered in this State. On February 16, 1943, the Union National Bank as trustee filed its first and final account in the office of the Register in Chancery in this county, showing a total trust principal in its hands of $178,853.60; but the two trust funds were not separated in that account. Shortly thereafter, Wilmington Trust Company qualified as successor trustee under the will of William L. Edison, deceased, and charged itself with the same trust principal.

Blanche Travers Edison, widow of William L. Edison and the life beneficiary of the trust created by the fourth item of his will, died January 3, 1946, domiciled in New Castle County, Delaware. By her last will and testament, duly probated after her death, she appointed Wilmington Trust Company trustee of the trusts therein established. In that instrument she stated that her husband, William L. Edison, by his will had given her a power of appointment over the trusts established for her benefit, and that in making the dispositions therein she was exercising that power. In paragraph (3) (a) of her will, Blanche Travers

Edison bequeathed $50,000 in trust for the benefit of one Thomas Wilson and of her sister, Frances Lavinia Travers, during their natural lives, and directed that this fund should be paid first by the trustee out of any property over which she might have the power of disposition. Out of the remaining portion of the estate disposed of by her, including any remaining portion of the above-mentioned trust estate after its termination, she further provided for a trust of $25,000 for the benefit of her sister, Olivia Gregg Danby, for her natural life. On the death of the life beneficiaries, the corpus of these trust funds was to become a part of the decedent's residuary estate.

## The will of the testatrix then provided:

"(5) Out of the residue of the estate hereby disposed of, including therein the balance or balances of the trust estates hereinabove established, after their respective terminations, I hereby direct that the following legacies be paid by my Executor:

"(a) I give and bequeath unto my cousin, Stirling Samuel Smith, of Salisbury, Maryland, the sum of Two Thousand Dollars ($2,000.00), if he should be living at the time of my death.

"(b) I give and bequeath unto my cousin, George Todd, of Salisbury, Maryland, the sum of Two Thousand Dollars ($2,000.00), if he should be living at the time of my death.

"(c) I give and bequeath unto my cousin, Nevins Todd, of Salisbury, Maryland, the sum of Two Thousand Dollars ($2,000.00), if he should be living at the time of my death."

## Item (7) of her will provided:

"All the rest, residue and remainder of my estate, of whatsoever kind and nature and wheresoever the same may be located, including as hereinabove stated, any property or estate over which I may have the right to exercise a power of appointment, and likewise including the trust estates or the balances therein after the termination of the trusts hereinabove provided, I give, devise and bequeath unto St. Paul's School, in Concord, New Hampshire, in memory of my husband, William L. Edison, to be designated as 'The William L. Edison Fund', and the income therefrom shall be used for the purpose of furnishing scholarships in said School for worthy boys. The principal of said Fund shall be held by said School and it shall be invested in such securities,

whether shares of stock, bonds or other investments as to the Trustees of said school or the persons who may have supervision of the investment of the funds of the said School shall seem proper, irrespective of any statutory or other limitations with respect to the kinds or classes of investments permitted for trust funds."

Mrs. Edison's cousins residing in Salisbury, Maryland, who are legatees under her will, survived her. Furthermore, all of the persons, or corporations, who are legatees or beneficiaries under her will, were alive at the time of the execution of the trust deed by Thomas A. Edison on October 2, 1925, and also at the time of his death.

*Section* 11 of the *New York Personal Property Law, Consol. Laws, c.* 41, provides that the absolute ownership of property cannot be suspended for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument creating such limitations or conditions, or if such instrument is a last will and testament, for not more than two lives in being at the death of the testator.

Both Delaware and New Jersey apply the common-law rule against perpetuities which permits the distribution of trust funds to be suspended during a life or lives in being at the death of the donor, or testator, and twenty-one years and the usual period of gestation thereafter.

The validity of the bequests to Stirling Samuel Smith, George Todd and Nevins Todd is not questioned. The complainant, however, seeks instructions from this court with respect to the following questions:

(1) Does the law of Delaware, the law of New York, or the law of New Jersey, govern the validity of the exercise of the power of appointment contained in the trust agreement of October 2, 1925, by the wills of William L. Edison and Blanche Travers Edison?

(2) If governed by the law of Delaware, is the exercise of the power by the will of Blanche Travers Edison valid?

(3)   If its validity is governed by the law of New York, does the rule of conflict of laws ʾof that State refer the determination of the question to the law of Delaware?

(4)   If its validity is to be determined by the law of New York, and the law of that State does not refer the question to the law of Delaware, is the exercise of the power of appointment by the wills of William L. Edison and Blanche Travers Edison valid under the law of New York?

(5)   If the law of New York governs the disposition of the fund and there is no valid appointment of the residue under the law of that State, who will be entitled to share in the trust estate under the agreement of October 2, 1925 as the next of kin of William L. Edison, deceased?

(6)   Does the law of New Jersey or the law of New York govern the validity of the exercise of the power of appointment (given William L. Edison by the will of Thomas A. Edison) by the wills of William L. Edison and Blanche Travers Edison? and

(7)   If its validity is governed by the law of New Jersey, is the exercise of that power by the will of Blanche Travers Edison valid under the law of that State?

The important question is what law governs the exercise of the power of appointment given Blanche Travers Edison by the last will and testament of William L. Edison, deceased?   In determining it, we must bear in mind that two trust funds are involved—the trust created by the indenture of October 2, 1925, during the lifetime of Thomas A. Edison, and the trust created by his last will and testament.

On October 2, 1925, Thomas A. Edison was domiciled in the State of New Jersey, he executed the trust agreement there, and sent it by mail to New York for execution by Central Union Trust Company, the intended trustee, a financial institution doing business in that State.   The trustee executed the agreement in New York, and the securities, composing the corpus of the trust, were delivered to it by

the donor there. Furthermore, the trust indenture provided: (1) That if William L. Edison should fail to exercise the power of appointment given him, the fund should be distributed at his death among the persons who would be his next of kin under the intestate laws of the State of New York; and (2) that any funds derived from bonds maturing during the life of William L. Edison should not be re-invested "in any securities not legally allowed for investment of funds of savings banks under the laws of the State of New York." Facts and circumstances showing some reasonable connection of the trust with the State of New York, and other facts indicating the donor's intent to create a trust in that State, therefore, appear. *Wilmington Trust Co. v. Wilmington Trust Co.*, 26 *Del. Ch.* 397 24 *A.* 2d 309, 139 *A.L.R.* 1117; see also *Wilmington Trust Co. v. Wilmington Trust Co.*, 25 *Del. Ch.* 121, 15 *A.* 2d 153; *Baltimore Nat. Bank v. Central Public Utility Corporation*, 26 *Del. Ch.* 295, 28 *A.* 2d 244.

In determining the situs of a trust, "the place of execution of the trust instrument and the domicile of the beneficiaries are not important indicia. The domicile of the trustee and the place of administration of the trust—quite generally the same place—are important factors; and the intent of the donor * * * has been increasingly emphasized." *Wilmington Trust Co. v. Wilmington Trust Co.*, 26 *Del Ch.* 397, 24 *A.* 2d 309, 312. While William L. Edison resided in Delaware when the trust deed was executed, that fact alone is, therefore, of little importance in determining the location of the trust. *Wilmington Trust Co. v. Wilmington Trust Co.*, 26 *Del. Ch.* 397, 24 *A.* 2d 309.

Thomas A. Edison was domiciled in the State of New Jersey at the time of his death, and in the absence of facts and circumstances showing a different intent he established a New Jersey trust by his will. *Equitable Trust Co. v. Ward*, 29 *Del. Ch.* 206, 48 *A.* 2d 519. His executors were given the authority to select a trustee to administer the trust created by the seventh item of his will and selected

Central Hanover Bank & Trust Company of New York, but that does not show that he intended to create a New York trust. Under the provisions of his will, his executors could have selected a New Jersey trustee with equal propriety.

The trust indenture of October 2, 1925 provided:

"Upon the death of the Beneficiary (William L. Edison) the said trust fund shall be assigned by the trustee to such persons and in such shares, interests and proportions, absolutely or in trust as the Beneficiary shall, by his last will and testament, designate and appoint."

The donor, therefore, gave William L. Edison a general testamentary power of appointment over the fund, whether in trust or otherwise. As in determining the location of a trust, the cases seem to hold that the validity of the exercise of a power of appointment, created by an inner *vivos trust* of personal property, is ordinarily governed by the law of the state with which the trust is most closely associated. *Land, Trusts Conflict of Laws*, § 24 (*pp.* 110, 114, 116); *In re Megret*, (1901) 1 *Ch.* 547; *Wilmington Trust Co. v. Wilmington Trust Co.*, 21 *Del. Ch.* 188, 186 *A.* 903; *Wilmington Trust Co. v. Wilmington Trust Co.*, 26 *Del. Ch.* 397, 24 *A.* 2d 309; see also *Land, supra*, § 20.

That is usually the law of the State which governed its essential validity, though there have been changes in the elements of the trust. *Land, supra*, §§ 24, 26.1; *In re Megret, supra; Wilmington Trust Co. v. Wilmington Trust Co.*, 26 *Del. Ch.* 397 24 *A.* 2d 309; *cf. Robb v. Washington & Jefferson College*, 185 *N.Y.* 485, 78 *N.E.* 359; *Restatement Conf. Laws*, § 286. This seems to be largely because the appointees ordinarily take under the donor of the power, and in effect the appointment made must be regarded as having been written into the original deed. *Wilmington Trust Co. v. Wilmington Trust Co., supra; Union Nat. Bank of Wilmington v. Wilson*, 26 *Del. Ch.* 170, 25 *A.* 2d 450; *Land, supra*, § 20. In most cases the domicile of the donee of a power has little effect in determining what state furnishes the law governing the validity of the exercise

of the power. *Land, supra,* § 24. But the subsequent appointment of the fund by William L. Edison to a Delaware trustee on further and different trusts, pursuant to the authority given him by the trust deed of October 2, 1925, seems to justify the conclusion that a new trust was created in this State by his will. *Wilmington Trust Co. v. Wilmington Trust Co.,* 26 *Del. Ch.* 397, 24 *A.* 2d 309; see also 150 *A.L.R.* 543, 519. The broad language of the trust deed indicates that the donor intended to give the donee that power. *Wilmington Trust Co. v. Wilmington Trust Co.,* 26 *Del. Ch.* 397, 24 *A.* 2d 309, 312. In that case, the donor's deed, which created a New York trust, not only authorized the appointment of a successor trustee in another State, but also contained language which was construed as an intent to permit the beneficiaries of the fund, under certain circumstances, to terminate the original trust and create a new trust in this State. The court said:

"The power of appointment * * * had its origin in the donor's deed of trust; the provisions of the deed of appointment are viewed in law as though they had been embodied in that instrument; and the rights and interests appointed to the children are regarded as creations of the trust deed. * * * The validity of the deed of appointment and of the rights and interests assigned thereunder depend upon the law of the jurisdiction in which the trust had its seat when the power of appointment was exercised."

This case comes within that rule. See also *Restat. Conflict of Laws,* § 286.

In so far as William L. Edison had the power, he clearly intended to create a new Delaware trust. He not only appointed the fund to a trustee in this State, but provided in his will that should Blanche Travers Edison fail to exercise the power of appointment given her, the fund was to go to such persons as would be his next of kin under the intestate laws of the State of Delaware.

Other contentions are made why the law of Delaware governs the determination of the validity of the exercise of the power of appointment by the will of Blanche Travers Edison, but it seems unnecessary to consider them.

No one questions the validity of the appointment in trust by William L. Edison's will as that mode of appointment was expressly authorized by the trust deed.

The appointment made in trust by the will of Blanche Travers Edison was equally valid under the law of this State. In the absence of anything to indicate a contrary intent, the donee of a general testamentary power of appointment may appoint the fund in trust. *Wilmington Trust Co. v. Wilmington Trust Co.,* 25 *Del. Ch.* 121, 15 *A.* 2d 153; *Equitable Trust Co. v. James,* 29 *Del. Ch.* 166, 47 *A.* 2d 303, 1 *Scott on Trusts,* § 17.2.

In 1 *Sugden on Powers,*\* *p.* 496, it is said:

"That a power of appointment in fee with no prohibition against giving a less estate, ought to be held to authorize any legal limitations within the scope of the power which may be carved out of the fee."

Under the rule against perpetuities, "no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." *Gray on Perp.,* (*4th Ed.*), § 201.

The gifts in trust of the income on a portion of the fund to Thomas Wilson, Frances Lavinia Travers and Olivia Gregg Danby, for their respective lives, do not violate that rule as they were alive when Thomas A. Edison executed the trust deed of October 2, 1925. Furthermore, *Section* 4414 of the *Revised Code of* 1935 provides that in determining whether the rule against perpetuities is applicable, the time must be calculated from the exercise of the power and not from its creation.

The gift of the remainder, after the termination of the above trusts, and of the residue of the entire fund to St. Paul's School in Concord, New Hampshire, to be used "for the purpose of furnishing scholarships in said school for worthy boys" is also valid under the law of this State. It vested immediately upon the death of Blanche Travers Edison, and a bequest in trust in perpetuity for educational purposes is a valid charitable gift. *4 Pomeroy Eq. Jur.,*

(5th Ed.), § 1023; *Restat.Trusts,* §§ 368(b), 370; see also *Hutton, Ex'r., v. St. Paul's Brotherhood of People's Church of Dover,* 20 Del.Ch. 413, 178 A. 584; *New Castle Common v. Megginson,* 1 Boyce 361, 77 A. 565, Ann.Cas. 1914A, 1207; *State v. Griffith, et al.,* 2 Del.Ch. 392; *Girard Trust Co. v. Rector, etc., of St. Ann's P. E. Church, ante p. 1,* 52 A2d 591.

A portion of the trust fund created by the will of Thomas A. Edison is also in the possession of Wilmington Trust Company, the complainant, as trustee, and its appointment by the will of Blanche Travers Edison is governed by the same principles, and under the law of New Jersey is likewise valid. Notwithstanding the provision that the trust for each child should terminate on their respective deaths, it is not claimed that the law of Delaware is controlling. The seventh item of Thomas A. Edison's will provides that any beneficiary who shall not leave lawful issue "may dispose by will of one-third of his or her share of the trust, or in case of intestacy, such third shall form a part of his or her estate."

Under the law of New Jersey, a fund subject to a general testamentary power of appointment may also be appointed in trust. *Guild v. City of Newark,* 87 N.J.Eq. 38, 99 A. 10; see also *Brown v. Fidelity Union Trust Co.,* 126 N.J.Eq. 406, 9 A.2d 311; *Hood v. Francis,* 137 N.J.Eq. 200, 44 A.2d 182. The agreed statement of facts shows that the common-law rule against perpetuities also applies in that State, and insofar as they include any part of the New Jersey fund the gifts in trust under the will of Blanche Travers Edison for the benefit of Thomas Wilson, Frances Lavinia Travers and Olivia Gregg Danby do not violate that rule. *MacKenzie v. Trustees of Presbytery of Jersey City,* 67 N.J.Eq. 652, 61 A. 1027, 3 L.R.A.(N.S.), 227. The gift to St. Paul's School is also a charitable gift (*First Camden National Bank and Trust Co. v. Collins,* 110 N.J.Eq. 623, 160 A. 848; *School Trustees for Industrial Education in City of Hoboken v. City of Hoboken,* 70 N.J.Eq.

630, 62 *A.* 1), and does not violate the rule against perpetuities. *First Camden, etc. Trust Co. v. Collins, supra.*

A decree will be entered in accordance with this opinion.