210 A.2d 190 (1965)
HANOVER STREET PRESBYTERIAN CHURCH, a Delaware religious corporation, Plaintiff,
v.
David P. BUCKSON, Attorney General of the State of Delaware, Defendant.
Court of Chancery of Delaware, New Castle.
May 17, 1965.
*191 Samuel R. Russell, of Bayard, Brill, Russell & Handelman, Wilmington, for plaintiff.
Jay H. Conner, Deputy Atty. Gen., for defendant.
SEITZ, Chancellor.
Plaintiff, Hanover Street Presbyterian Church, a Delaware religious corporation ("plaintiff"), seeks instructions, inter alia, as to whether legacies under three different wills must be held by it as subject to specific trusts. The attorney general was named as defendant. Subsequently, the plaintiff filed a motion with a supporting affidavit seeking a summary judgment to the effect that the funds involved are not subject to express trusts. The defendant resists the motion by taking a contrary position. This is the decision on plaintiff's motion.
We are concerned with three wills. The Anna B. Porter will, dated August 11, 1920, merely provided in one item that "I give and bequeath unto Hanover Presbyterian Church of the City of Wilmington for an endowment fund the sum of twelve thousand dollars, * * *". The will of Anna G. Porter, dated September 22, 1925, provided by one item that "I give and bequeath unto the Board of Trustees of Hanover Street Presbyterian Church, of the City of Wilmington the sum of eighteen thousand seven hundred and fifty dollars ($18750), the same to be received and known as the `Thomas K. Porter Endowment Fund'". The will of Mary R. Latimer dated May 5, 1922, provided a list of legacies. In that list there was one to "Hanover Street Presbyterian Church five Thousand dollars for endowment Fund".
Although it is not clear, I infer that the plaintiff had no fund denominated as an endowment fund when these legacies were received. In any event, the wills do not constitute bequests to an existing fund.
There is no question in Delaware of the right or power of a person to leave money to a charitable corporation outright, as a gift subject to a condition, or in trust, compare Denckla v. Independence Foundation, (Del.), 193 A.2d 538; Hutton v. St. Paul Brotherhood, 20 Del.Ch. 413, 178 A. 584. What we seek to find here is the intent of the various testatrices.
The Anna B. Porter and Latimer wills merely provide for a legacy for an endowment fund. There are no surrounding circumstances in the record or other provisions of their wills which shed additional light on their intent. Consequently, whatever construction is ultimately adopted will be equally applicable to both wills. The Anna G. Porter will is slightly different because, while it created an endowment fund, it provided that it was to bear the name of her deceased husband. Whether this additional factor is sufficient to justify a finding of a different intent from that expressed in the other two wills is decided hereinafter.
I now make my judgment as to what the various testatrices intended by the particular testamentary language employed.
The process of resolving the issue presented requires an analysis of the meaning of the word "endowment" as employed in these wills. I say this because, while no explicit language of trust is employed *192 in the will, the parties agree that a trust can be created if language of similar connotation is found in the particular instrument involved.
The word "endowment", as employed in the context of this case, appears to mean a gift, with the principal subject to some form of restriction. Thus, it smacks somewhat of an express trust. However, the analysis cannot end there because the use of the term "endowment fund" does not necessarily mean that the principal is legally untouchable. Thus, these wills are ambiguous and it is pertinent to consider certain other factors.
While all courts seek the testamentary intent, it is evident that many of the cases in this area, i. e., religious corporations, seem to lean toward a construction which provides the recipient of such legacies with greater flexibility in their use, if the language permits. See St. Joseph's Hospital v. Bennett, 281 N.Y. 115, 22 N.E.2d 305, 130 A.L.R. 1092. Thus, where the doubt as to the proper construction approaches a state of equipoise, I believe the doubt should be resolved against a construction which would require the charitable beneficiary to observe all the requirements applicable to the trustee of an express trust. This approach can be justified by the fact that if a testator wants to create an express trust, it is easy to use appropriate language. I should note that these wills show a general sophistication in draftsmanship.
It is also important to note that the plaintiff legatee is a religious corporation and the subject matter of the legacies, no matter what their legal status, must be employed in furtherance of its religious purposes. Next, it must be emphasized here that the wills creating these endowments contain no reference to a use or purpose. Clearly then the income is available for any proper purpose of the plaintiff.
Under these circumstances I conclude that these testatrices by the use of the word "endowment", without more, particularly in view of the identity of the legatee, did not intend to create express trusts.
Should a different result be reached in connection with the Anna G. Porter will because the legacy provided that the endowment fund should be named after her late husband. This factor, as some of the cases have recognized, does tend to suggest that the person making the will intended the legacy to have a continuity. It would therefore be a factor tending to suggest that a trust was intended. However, the will did not designate a particular use of the fund and thus the identification factor loses some of its significance. These facts when combined with the circumstance that the legatee could use the fund only for its religious purposes, would seem to cast doubt on the existence of an intent by Anna G. Porter to create an express trust.
While these wills did not create express trusts, I am satisfied that the testatrices intended the use of the term "endowment fund" to have some significance. I believe it shows an intent that the principal of the fund be maintained. This can be accomplished by construing the legacies to be gifts on condition that the principal be preserved. This conclusion gives appropriate effect to the language employed and the identity of the beneficiary without straining to find an intent to create an express trust with all that such would imply. See 4 Scott on Trusts (2nd ed.), § 348.1.
I conclude that the particular provisions of the three wills with which we are concerned did not create express trusts, but did create legacies subject to the condition that the principal of the gifts be preserved. I am not required to decide the form in which they are to be preserved. Of course, any income therefrom may be spent for plaintiff's general purposes.
Present order on notice.