TRUSTEES OF THE PENINSULA ANNUAL CONFERENCE OF THE METHODIST CHURCH, INC., a religious corporation of the State of Delaware,

Plaintiff,

vs.

NEW YORK EAST ANNUAL CONFERENCE, a corporation of the State of New York, Defendant.

*New Castle, June 28, 1965.*

*John E. Messick,* of Tunnell & Raysor, Georgetown, for plaintiff.

*Sotiere S. Kapsalis,* Wilmington, for defendant.

SEITZ, Chancellor: Plaintiff, Trustees of the Peninsula Annual Conference of the Methodist Church, Inc., brought this action against the New York East Annual Conference ("defendant"), an alternative legatee, seeking instructions concerning certain provisions of the will of Charlotte Jones Caswell ("testatrix"). Plaintiff claims that under the will of the testatrix it is the outright devisee of certain real estate but, in attempting to sell it, has been met with purchaser's contention that its title is unmarketable because of uncertainty in the language of the will.

The court inquired as to why the executrix was not a party and was advised by counsel for plaintiff that the estate had been settled and that, in any event, there was no further duty imposed on the executrix. The court can conceive of circumstances under which the estate might have to be reopened to permit the executrix to act. However, I put that matter aside here. I do the same with respect to the need to join the Attorney General, an issue which was not raised.

The problem here is created by Items XV and XVI of the will of the testatrix. I quote:

"ITEM XV. I give, devise and bequeath unto the 'Trustees of the Peninsula Annual Conference of the Methodist Church, Inc.,' a corporation, absolutely and in fee simple, my house and lot on the North side of East Main Street, known as 143 East Main Street, Middletown, Delaware, which I have occupied as my home, together with the two lots adjoining the same in the rear, and fronting on Catherine Street, and also my lot and cottage on the South side of East Main Street, known as 140 East Main Street, Middletown, Delaware.

"It is my wish and request that said two properties shall be used as homes for retired ministers, and to be rented to them at reasonable rates to assist them in their declining years.

"I also give and bequeath unto the said 'Trustees of The Peninsula Annual Conference of the Methodist Church, Inc.,' a corporation, the sum of TWO THOUSAND DOLLARS ($2000.00) in cash, which I direct shall be used to repair and modernize the cottage on the South side of East Main Street, known as 140 East Main Street, Middletown, Delaware.

"I also give and bequeath unto the said 'Trustees of The Peninsula Annual Conference of the Methodist Church, Inc.,' a corporation, absolutely, the walnut secretary, once my grandfather's, which shall remain in the dwelling known as 143 East Main Street, as a part of the furnishings of said house, and also one revolving desk chair.

"If for any reason the said devise and bequest mentioned in this item shall be rejected by the 'Trustees of The Peninsula Annual Conference of the Methodist Church, Inc., 'a corporation, then and in that event, I direct my Executrix, hereinafter named, or the person having the administration of my Estate, to sell my said properties known as 143 East Main Street and 140 East Main Street, Middletown, Delaware, together with the two lots hereinbefore mentioned, either at public or private sale at the best price which in the judgment of my said Executrix may be obtained therefor, with full power hereby granted unto my said Executrix to grant and convey unto the purchaser or purchasers thereof a good, fee simple title to said properties or such other estate as I may hold therein, without any liability or responsibility on the part of the purchaser or purchasers thereof to see to the application of the proceeds arising from the said sale. The net proceeds arising from said sale or sales, I then give and bequeath unto the Board of Conference Claimants of the New York East Annual Conference of the Methodist Church, absolutely and forever, with the provision, nevertheless, that I direct that such money shall be invested and the income derived therefrom shall be used to pay claims for retired ministers and/or their wives.

"ITEM XVI. I direct my Executrix, hereinafter named, or the person having the administration of my Estate, to sell all that my certain lot with the dwelling house thereon erected, situate on

the North side of East Main Street at the corner of East Main Street and Catherine Street, known as 145 East Main Street in Middletown, Delaware, either at public or private sale for the best price which in the judgment of my said Executrix shall be for the best interest of my Estate, hereby giving and granting unto my said Executrix or the person having the administration of my Estate, the right and power to grant and convey unto the purchaser or purchasers thereof a good and sufficient deed in fee simple or for such other estate as I may hold therein, and the net proceeds arising therefrom, I hereby give and bequeath unto 'Trustees of The Peninsula Annual Conference of the Methodist Church, Inc.,' a corporation, absolutely, provided, nevertheless, that I direct that one-half ($\frac{1}{2}$) of the proceeds arising from such sale shall·be used to repair and rehabilitate the property and dwelling thereon known as 143 East Main Street, Middletown, Delaware, and the other one-half ($\frac{1}{2}$) of the net proceeds arising therefrom shall be used in the repair or the rehabilitation of the property and dwelling known as 140 East Main Street."

I think it helpful to analyze generally the language of Item XV. The wording of the first paragraph devising the two properties is in absolute terms. The language in the succeeding paragraph of the same Item is, without more, what is termed permissive or precatory language. In the third paragraph of the same Item the testatrix bequeaths $2,000 to the plaintiff which "I direct shall be used to repair and modernize" 140 East Main Street, which is one of the properties devised above. In the next paragraph she bequeaths to plaintiff a desk chair and a walnut secretary "absolutely" which she recites, "shall remain" in 143 East Main, the second property devised above. In the final paragraph of this Item she provides that if for any reason "the said devise and bequest mentioned in this Item shall be rejected" by plaintiff, then the properties are to be sold and the proceeds are to go to defendant, the income to be used to pay claims of retired ministers and/or their wives.

Plaintiff, relying on language in the first paragraph of Item XV that the gift of real estate is absolute and in fee simple, contends that the devises as well as the legacies are unconditional, outright gifts. On

the other hand, the defendant argues that they are either in trust or subject to a condition subsequent. It argues that the language in the second paragraph concerning the use by retired ministers is rendered directory by other provisions of the will. This is a decision on agreed facts.

The opening language of the final paragraph referring to the "devise and bequest" shows an intent that the devises and legacies in that Item were to be treated as a unit for purposes of acceptance or rejection. I think this follows from the use of the conjunctive "and" in the phrase "said devise and bequest". This conclusion is reinforced by other provisions of the will. For example, the cash, the desk chair and the walnut secretary bequeathed in the same Item were clearly to be used on or retained in the devised realty. This could be realistically accomplished only by retaining the realty. This intention is reaffirmed in Item XVI. There the testatrix gives the proceeds from the sale of other realty to plaintiff with a direction that it be spent equally on the repair and rehabilitation of the two properties bequeathed in Item XV. To say that the testatrix did not intend to impose a restriction on the disposition of the real property is to fly in the face of this provision.

The whole scheme evidenced in Items XV and XVI leads me to conclude that the testatrix did not intend the devises in Item XV to be in fee simple. However, since there is doubt that the testatrix intended an express trust with the implications involved, I decline to hold that an express trust was intended. Rather, I believe the intent of the testatrix can be fairly implemented by deciding that all the devises and legacies in Item XV and the legacy in Item XVI were gifts on a condition subsequent that they be held or used for the purposes designated. While it is a stronger case on this point, nevertheless, compare *Hanover St. Presbyterian Church v. Buckson*, 42 *Del. Ch.* 292, 210 *A.2d* 190.

I conclude that the realty is to be held for the use of retired ministers under the circumstances indicated in the will while the legacies are to be held or employed in the manner directed.

Plaintiff must elect whether to accept or reject the realty and legacies subject to the condition subsequent which was imposed. This written election should be transmitted to the executrix and the defendant within a time to be fixed in the order hereon.

Present order on notice.